# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

ESTATE OF LOUIS CHANCE                    )
                                          )
                    PLAINTIFF,            )
                                          )         C.A. NO. 05-449-SLR
            v.                            )
                                          )         JURY TRIAL DEMANDED
FIRST CORRECTIONAL MEDICAL-DELAWARE,      )
LLC, ET AL.                               )
                                          )
                    Defendants.           )

## STATE DEFENDANTS' MOTION TO DISMISS

State Defendants raise a Challenge to subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12 (b) (1), and for failure to state a claim upon which relief may be granted pursuant to rule 12 (b) (6).

## STANDARD OF REVIEW

In order to analyze a motion to dismiss pursuant to Federal Civil Procedure Rule 12(b) (6), all factual allegations of the Complaint must be accepted as true, and the allegations must be construed in favor of the non-moving party. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## STATE DEFENDANTS HAVE ELEVENTH AMENDMENT IMMUNITY

1.      The Eleventh Amendment bars suit against the Defendants, Taylor as Commissioner of Correction, and Talley as Bureau Chief of Management Services in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent, a suit [in federal court] in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). Taylor and Talley are state officers authorized to act under the color of state law. See, Del. Code Ann. tit. 11 §§ 6501, 6516.  A § 1983 suit against a state agency or state official in his or her official capacity is treated as a suit against the state. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is evident given that neither the state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

2.      Notwithstanding state sovereign immunity, the United States Congress can abrogate the state's sovereign immunity, and therefore its Eleventh Amendment immunity through a valid exercise of its power; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. Otherwise, the state itself may waive its immunity. See *Lavia v. Commonwealth of Pennsylvania*, 224 F.3d 190, 195 (3d Cir.2000).  No such clear intent can be seen in 42 U.S.C. §1983.  In fact, Congress' intent appears to be to the contrary as the statute facially allows suits only to be brought against "persons."  42 U.S.C. §1983. Neither the constitution nor any Delaware statute expressly waives Delaware's Eleventh Amendment immunity. *Ospina*

*v. Dep't of Corrections, State of Del.*, 749 F.Supp. 572, 577 (D.Del.1991) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. at 71). Delaware has not waived its immunity.

3.     The Federal District Court is without subject matter jurisdiction to hear the Plaintiff's claims against the State of Delaware or "arms of the state" when sued in their official capacity.

## No Personal Involvement

4.     Plaintiffs' complaint fails to indicate any personal involvement of Defendants, Commissioner Taylor and Bureau Chief Talley with respect to the claim that they violated Chance's Eighth Amendment right to adequate medical care. Under 42 U.S.C. §1983, an individual cannot be held liable in the absence of personal involvement or knowing acquiescence of the alleged deprivation of liberty. *Bracey v. Grenoble*, 494, F.2d 566 (3d. Cir. 1974); *Commonwealth of Pennsylvania v. Porter*, 659 F.2d 306 (3d. Cir. 1981), *cert. denied*, 458 U.S. 1121 (1982). Without identifying how they participated in, personally directed or acquiescence in the events which Plaintiffs claim deprived Chance of his constitutional rights, these defendants cannot be held liable. *Gay v. Petsock*, 917 F.2d 768, 771 (3d. Cir.1990); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Allegations of personal direction or of actual knowledge and acquiescence . . . must be made with appropriate particularity."). As to the liability of State Defendants, Plaintiffs allege nothing more than conclusory statements concerning a contract entered into between the State of Delaware Department of Correction and the corporate medical provider First Correctional Medical, LLC to provide medical services to the prison population throughout Delaware. The complaint does not state facts to put forward any personal involvement in, or actual knowledge of, the course of medical care

and treatment provided to Chance for the approximately two weeks commencing

September 8, 2003. Moreover, Plaintiffs do not allege sufficient facts which demonstrate

that either Taylor or Tally acquiesced or participated in any denial of Chance's medical

treatment.

**NO SUPERVISORY LIABILITY**

5.      To the extent the plaintiffs attempt to hold Commissioner Taylor and Bureau

Chief for Management Services Tally liable based on their supervisory positions,

plaintiffs have failed to state a claim upon which relief can be granted and dismissal is

appropriate. Liability may not be imposed vicariously against a supervisory official

merely on the theory of *Respondeat Superior. Rizzo v. Goode*, 423 U.S. 362, 375 (1976);

*Gay v. Petsock*, 917 F.2d at 771; *Heine v. Receiving Area Personnel*, 711 F. Supp. 178,

186-188 (D. Del. 1989); *Goode v. Correctional Medical* Services, 168 F. Supp. 2d 289

(D. Del. 2001).  Accordingly, plaintiff's complaint is appropriately dismissed.

**PLAINTIFFS' CLAIM BROUGHT AGAINST THE STATE IS BARRED BY THE DOCTRINE OF
SOVEREIGN IMMUNITY**

6.      To the extent that Plaintiffs seek to hold the State Defendants liable for an alleged

tort and/or State constitutional violation, the Doctrine of Sovereign Immunity bars the

award of monetary damages. *See e.g. Pagano v. Hadley*, 525 F. Supp. 92 (D. Del. 1982).

Sovereign immunity provides that the State and its agencies may not be sued without the

State's consent.  (*See* DEL. CONST. ART. I, Sec. 9; *Doe v. Cates*, 499 A.2d 1175 (Del.

1985)).  The General Assembly has waived the defense of sovereign immunity only as to

those risks specifically covered by the State Insurance Coverage Program. 18 *Del. C*.

§6511. Plaintiffs have failed to aver the existence of such insurance coverage. *See Pauley*

*v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004) (to prevail on a suit against the state, plaintiff must show that the state waived the defense of sovereign immunity for the actions mentioned in the complaint, and the State Tort Claims Act does not bar the action. 10 *Del. C.* §§ 4001 - 4005). Consequently, as the defense of sovereign immunity has not been waived, Plaintiffs' claim against the State Defendants is barred.  Therefore, Plaintiffs' complaint should be dismissed.

PLAINTIFFS ARE UNABLE TO IDENTIFY A SOURCE OF A STATE LAW CLAIM

7.    There is no cause of action created by either, the Delaware Code as 11 *Del. C.* ch. 65, entitled "Discipline, Medical Care and Discharge" or the State Torts Claims Act, 10 *Del. C.* ch. 40, entitled "Limitation on Civil Liability."

    a.    Delaware does not authorize a private cause of action under Delaware's discipline, medical care and discharge statute relating to health services for prisoners. 11 *Del. C.* § 6536. To the extent that Plaintiffs attempt to assert a private cause of action pursuant to 11 *Del. C.* § 6536, which provides in part (a), that "[t]he Department must establish reasonable health, medical and dental services, for each institution, including preventive, diagnostic and therapeutic measures on both an outpatient and hospital basis for all types of patients," the General Assembly does not provide a private remedy against the State. "A statutory private remedy will be available only if legislative intent to provide such a remedy is present." *Brett v. Berkowitz*, 706 A.2d 509, 512 (Del. 1988) (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1988); *Young v. Joyce*, 351 A.2d 857, 859 (Del.1975)); *Hamilton v. Leavy,* 2005 WL, at 475442 *2 (D. Del. March 1, 2005) (attached as Exhibit A). It is apparent the legislature authorizing the Delaware Department of Correction to provide for care and custody of state prisoners, and

regulations implementing statute, did not intend to create a private right of action in federal or state courts. Indeed, the acts of the General Assembly do not remove the bar to recovery sovereign immunity.

b.    Plaintiffs reliance on 10 *Del. C.* § 4001, limitations on civil liability, to argue that the State has waived its immunity. Plaintiffs suggest that the Department engaged in grossly and wantonly negligent acts or acts done in bad faith which resulted in injury to him. However, Plaintiffs cannot point to any independent waiver of immunity. *See, Doe v. Cates*, 499 A.2d at 1181 ("In keeping with the purpose of the State Tort Claims Act, this Court holds that § 4001 must be applied to limit the State's liability where it has, by some means independent of 10 *Del. C.* § 4001, waived immunity.").[1] The law is settled, "the doctrine of sovereign immunity precludes the existence of a cause of action against the State unless the State has chosen to waive that immunity." *Doe v. Cates, supra.* The State has not chosen to insure against the risk alleged in Plaintiffs' complaint, thus it has not waived immunity.

**DEFENDANTS TAYLOR AND TALLEY ARE ENTITLED TO QUALIFIED IMMUNITY**

8.    Furthermore, Defendants Taylor and Talley are entitled to qualified immunity. Plaintiffs claim that State Defendants are liable under § 1983 as a result of the alleged medical mistreatment of a prisoner. Government officials performing discretionary functions are immune from liability for civil damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is "clearly established"

---

[1] Delaware has not independently waived sovereign immunity under 18 *Del.C.* § 6511 because there is no insurance coverage for the risks presented.

when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *accord In re City of Philadelphia Litig.*, 49 F.3d 945, 961 (3d Cir. 1995).

9.      The doctrine of qualified immunity requires an initial determination "whether plaintiff has [alleged] a violation of a constitutional right at all." *Larsen v. Senate of Com. of Pa.*, 154 F.3d 82, 86, (3d Cir. 1998). Thereafter, the court must inquire whether the right was "'clearly established' at the time the defendants acted." *In re City of Philadelphia Litig.*, 49 F.3d at 961 (quoting *Acierno v. Cloutier*, 40 F.3d 596, 606 (3d Cir. 1994)). The Department or its officers cannot be held liable under the constitution purely for entering a contractual agreement with FCM to provide medical care.

10.      In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute a "wanton infliction of unnecessary pain" or to be "repugnant to the conscience of mankind" necessary to rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Without doubt, the Delaware Department of Correction has an obligation "to promulgate reasonable standards and to establish reasonable health and medical services" to prisoners. To meets its obligations, the Department contracted with the FCM who agreed

to provide adequate and appropriate prison medical services. In is undisputed, Plaintiffs

facts evidenced in the complaint demonstrate that Chance received medical care by the

contract providers. (D.I.3, ¶¶ 11-22).

### PURSUANT TO 42 U.S.C. § 1983, PLAINTIFFS DO NOT STATE A CLAIM UNDER THE EIGHTH AMENDMENT

11.     Plaintiffs' Section 1983 claim against State Defendants Taylor and Talley are

based upon the Eighth Amendment, under which the states have a duty to provide

"adequate medical care to those it is punishing by incarceration." *West v. Keve*, 571 F.2d

158, 161 (3d. Cir. 1978). The Supreme Court has held that "[i]n order to state a

cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs. It is only such indifference

that can offend 'evolving standards of decency'." *Estelle v. Gamble*, 429 U.S. 97, 106

(1976). *Accord White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990). In order to satisfy

the "deliberate indifference" aspect of the *Estelle* test, a plaintiff must allege either

"reckless disregard" of or "actual intent" to disregard his medical condition. *Benson v.

Cady*, 761 F.2d 335, 339 (7th Cir. 1985). Additionally, a plaintiff must allege that his

medical need is "serious". *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3d Cir. 1987), cert.

denied 485 U.S. 991 (1988).2 In order to show "deliberate indifference," a plaintiff must

show that a prison official consciously disregarded a substantial risk of serious harm.

*Farmer v. Brennan*, 511 U.S.825, 837 (1994). A prison official's denial of an inmate's

reasonable request for medical care constitutes deliberate indifference if the denial of the

request causes the inmate to experience undue suffering or the threat of tangible residual

---

2 Louis Chance died on September 23, 2003 as a result of Cryptococcal Meningitis. State Defendants concede, for the purpose of this motion only, that Chance demonstrated a medical need that was diagnosed by a physician as requiring treatment.

injury. *Williams v. First Correctional Medical*, 377 F. Supp.2d 473, 476 (D. Del. 2005). Additionally, deliberate indifference may be found if "necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical." Id. *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979). Therefore, a prison official is deliberately indifferent only where he or she has the required mental state. *Williams*, 377 F.Supp.2d at 476.  In actual fact, a prison official can be held liable only where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. Mere allegations of negligence do not meet the pleading requirements for deliberate indifference. *Estelle*, 429 U.S. at 105-106.

12.    Instantly, plaintiffs' claim that State Defendants acted with actual or reckless disregard for Chance's medical problems is not supported by the record. In fact, the evidence shows that Chance's requests for medical care were submitted to the medical providers, and he received ongoing medical treatment during the two weeks that he was incarcerated. (Amended Complaint ¶¶ 12-22). Apparently, Plaintiffs are complaining about the wisdom or quality of the medical treatment provided to Chance. However, when some care has been provided, questions as to the adequacy or propriety of the care will not support an Eighth Amendment claim. *Smullen v. Kearney*, 2003 WL 21383727, at *3 (D. Del. June 13, 2003) (Ex. B). Courts will not predict a course of treatment, which presents a question of professional judgment. *Id*. *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d at 762. ("[C]ourts will 'disavow any attempts to second-guess the

propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment.'") A mere difference of opinion as to care is not actionable under the Eighth Amendment.

13.     In *Miller v. Williams*, 2005 WL 1353336, at *4 (D. Del. June 7, 2005) (Ex. C), plaintiff, a prisoner, alleged that he received improper and inadequate medical care for injuries he sustained in a slip and fall. The record evidenced that, over the course of several months, medical personnel provided medical treatment on numerous occasions to plaintiff for his injuries. After an X-ray, he was diagnosed with back spasms and treated with medications and exercise. Miller disagreed with the measures taken during the course of his treatment and insisted that he should have undergone an MRI. Id. The court held that decisions as to appropriate testing and other measures were matters for medical judgment and did not amount to cruel and unusual punishment. Id. See also *Smullen v. Kearney*, 2003 WL 21383727, at *3 (plaintiff failed to show reckless disregard or actual intent where he was examined and treated on numerous occasions, including two hospitalizations with an outside provider).

14.   Taylor and Talley's conduct during this time period does not imply the deliberate indifference requisite for an Eighth Amendment claim.  Here, plaintiffs fail to establish that Taylor or Talley knew or had reason to know that prison doctors or their assistants were mistreating or not treating Chance.  No facts suggest that Taylor or Talley knew Chance faced a substantial risk of serious harm and disregarded that risk.

15.     It is undisputed that State Defendants are not medically trained nor are they responsible for the provision or quality of healthcare to inmates. Instead, the Department of Correction solicits bids in response to a Request for Proposals and chooses the

successful bidder who provides the medical services.

16.    State Defendants had no reason to know that Chance was not being treated by the
medical staff. For that reason, Taylor and Talley are entitled to judgment in their favor as
there is no evidence from which a reasonable jury could find that Taylor and Talley had
knowledge that Chance was not being treated.

> Accordingly, we conclude that, absent a reason to believe (or actual
> knowledge) that prison doctors or their assistants are mistreating (or not
> treating) a prisoner, a non-medical prison official will not be chargeable with
> the Eighth Amendment scienter requirement of deliberate indifference.
> If a prisoner is under the care of medical experts …, a non-medical prison
> official will generally be justified in believing that the prisoner is in capable
> hands.  This follows naturally from the division of labor within a prison.
> Inmate health and safety is promoted by dividing responsibilities for various
> aspects of inmate life among, guards, administrators, physicians and so on.
> Holding a non-medical prison official liable in a case where a prisoner was
> under a physician's care would strain this division of labor.  Moreover, under
> such a regime, non-medical officials could even have a perverse incentive not
> to delegate treatment responsibility to the very physicians most likely to be
> able to help prisoners, for fear of vicarious liability. (emphasis in original)

*Spruill v. Gillis*, 372 F.3d 218, 236 (3d. Cir.  2004).

17.    Given the facts presented in the amended complaint, plaintiffs fail to show
indifference which offends evolving standards of decency on the part of State
Defendants. *Estelle v. Gamble*, 429 U.S. at 106; *Accord White v. Napoleon*, 897 F.2d at
109.

Overall, plaintiffs' allegations are unsubstantiated and amount to nothing more than bald
allegations concerning the overall medical care received by Chance. Plaintiffs have not
identified any basis of liability in this matter and State Defendants are entitled to
judgment in their favor in accordance with Rule 12(b).

    WHEREFORE, defendants Taylor and Talley request the Court enter an order
dismissing plaintiffs claimed against them.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters I. D. #3879
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
ophelia.waters@state.de.us
Counsel for Defendant Hutchins

Dated: October 26, 2005

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

ESTATE OF LOUIS CHANCE        )
                                    )
           PLAINTIFF,       )
                                    )        C.A. NO. 05-449-SLR
           v.                 )
                                    )        JURY TRIAL DEMANDED
FIRST CORRECTIONAL MEDICAL-DELAWARE,  )
LLC, ET AL.                  )
                                    )
           Defendants.      )

## <u>ORDER</u>

AND NOW,  this _____ day of _____, 2005, the Motion to Dismiss filed by state defendants  in the above-captioned matter having been duly considered, and any opposition thereto, is granted; and,

IT IS ORDERED that plaintiff's claims against State Defendants be dismissed, with prejudice.

_____
The Honorable Sue L. Robinson, Chief Judge
United States District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2005, I electronically filed *Motion to Dismiss* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: Kenneth W. Richmond, Esquire and Dana M. Spring, Esquire.  I hereby certify that on October 26, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants: Jeffrey K. Bartels, Esquire and Daniel L. McKenty, Esquire

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us