IN THE UNITED STATES DISCTRICTY COURT
FOR THE STATE OF DELAWARE


**Jeffrey Bartels, Esquire**
**& Kenneth W. Richmond, Esq. pro hac vice      Attorneys for Plaintiffs**
**401 South Maryland Avenue**
**Wilmington, DE 19804**
**302-995-6211**

| | |
|---|---|
| ESTATE OF LOUIS CHANCE, <br><br> Plaintiff <br><br><br> v. <br><br><br><br><br> FIRST CORRECTIONAL MEDICAL- <br> DELAWARE, et al. <br><br> Defendants | C. A. No. 05-449-SLR |

PLAINTIFF'S RESPONSE TO THE MOTION
OF STATE DEFENDANTS TO DISMISS
PURSUANT TO 12 (b) 1 and 12 (b) 6
OF THE FEDERAL RULES OF CIVIL PROCEDURE

**STANDARD OF REVIEW**


"A motion to dismiss pursuant to Rule 12 (b) (6) may be granted only if,

accepting all well-pleaded allegations in the complaint as true, and viewing them

in the light most favorable to the plaintiff, plaintiff is not entitled to relief.  In re

Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997).  "Since

this is a § 1983 action, the plaintiffs are entitle to relief if their complaint

sufficiently alleges a deprivation of any right secured by the Constitution.  In

considering a Rule 12(b)(6) motion, [courts] do not inquirer whether the plaintiffs

will ultimately prevail, only whether they are entitled to offer evidence to support

their claims", Naomi v. Fauver, 82 F.3d, 63, 65 (3d Cir. 1996) (internal citations

omitted). " To establish a claim under § 1983, plaintiff must allege (1) a

deprivation of a federally protected right, and (2) commission of the deprivation

by one acting under color of state law", Lake v. Arnold, 112 F. 3d 682, 689 (3d

Cir. 1997).

**The Eleventh Amendment Does Not Bar Plaintiff's Claims Against Commissioner Stanley Taylor or Joyce Talley, Chief of Management Services.**

1-4      Defendants Stanley Taylor, Commmisioner of Corrections, and

Joyce Talley, Chief of Management Services are admitted to be state

officers who have acted, at all times relevant, under color of law.  The

references to the titles of defendants Taylor and Talley are merely

identity designations.   See Del. Code. Ann. tit. 11 §§ 6501, 6516.  The

Plaintiff alleges at paragraph 27 of the Amended Complaint that cost

containment practices of Defendant Stanley Taylor and First Correctional

Medical caused inadequate staffing, inadequate training, reliance upon

the judgment of persons other than qualified physicians or psychiatrists to

make medical decisions, and a refusal to provide required transport to

needed off site medical facilities, all of which resulted in a deliberate

denial of access to medical care that the decedent clearly needed.

Personal involvement of officials may be shown by either (a) actual

participation in the misconduct.  Rhode v Dellarciprete, 845 F.2d

1195(3d Cir. 1988) or (b) knowledge of and acquiescence in the

misconduct Robinson v. City of Pittsburgh, 120 F.3d 1286(3d Cir. 1997)

or (c) circumstances in which *inaction* sends a message of approval of the

misconduct Chincello v. Fenton, 805 F.2d 126 (3d Cir. 1986).

At paragraph 28 of the Amended Complaint, Defendant Joyce Talley is

alleged to have assumed a duty to insure efficient and effective delivery of health

care to decedent Chance, and is alleged to have had notice of the numerous

complaints and deaths of inmates and awareness of "medical issues" under the

contract entered into between First Correctional Medical and Defendant Taylor for

the provision of adequate medical care.

At paragraph 28, Plaintiff alleges that the specific failure to provide access

to required diagnostic care in the case of the decedent resulted from a contractual

agreement between Defendant Taylor and First Correctional Medical, and the

failure to insure efficient and effective medical care under the contract created a

policy of deliberate indifference to the decedent's medical plight in violation of

proscriptions contained in the United States Constitution, amend. VIII..

It is then alleged at paragraph 31 of the Amended Complaint that as a direct and proximate result of the actions and inactions of each of the defendants, jointly and severally, the decedent was deprived of protections afforded under the United States Constitution, amend. VIII to be free of cruel and unusual punishment.

Clearly, each defendant is being sued in their individual capacities.  The references to the titles of defendants Taylor and Talley are identity designations and support the plaintiff's allegation of their unconstitutional actions having been committed under color of  law.  In order to sustain an action against an individual pursuant to 42 U.S.C. §1983, the plaintiff's burden is to show that the individual had "personal involvement in the alleged wrongs…Personal involvement can be shown through allegations of personal direction, or of actual personal knowledge and acquiescence."  Rode v Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Furthermore, under decisions applying the reasoning of the United States Supreme Court in Monell v. Department of Social Services, 436 U.S. 658 (1978) liability can be imposed on officials acting in their official capacity where the unconstitutional action results from governmental "custom" of ignoring inmate complaints even where the "custom" has not received formal approval. (policy and custom of ignoring sexual abuse complaints of arrestees) Harris v City of Pagedale, 821 F.2d 499 (8th Cir. 1987); Spell v. McDaniel,  824 F.2d 1380, 1387 (4th Cir 1987).  In City of Canton v. Harris, 489 U.S. 378 (1989) the Supreme Court held that where training and supervision was necessary to avoid

constitutional violations and the government entity is deliberately indifferent to the

need to properly train and supervise, a cause of action is stated. "…in light of the

duties assigned to specific officers or employees, the need for more or different

training is so obvious and the inadequacy so likely to result in the violation of

constitutional rights, that the policy makers of the city can be reasonable be said to

have been deliberately indifferent to the need…[Under these circumstances] the

failure to provide proper training may fairly be said to represent a policy for which

the city is responsible." City of Canton v Harris at 489 U.S. 390.

It cannot be disputed that Delaware prisoners are entitled to reasonable medical

care and may hold prison officials liable under the Eighth Amendment if such

care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251,

97 S. Ct. 285 (1976). However, in order to establish an Eighth Amendment

violation a plaintiff must allege that he has endured a sufficiently serious

deprivation, and that the defendant has acted with deliberate indifference to the

plaintiff's plight. Wilson v. Seiter, 501 U.S. 294, 298, 115 L. Ed. 2d 271, 111 S.

Ct. 2321 (1991). A prison official is deliberately indifferent if he knows that a

prisoner faces a substantial risk of serious harm and fails to take reasonable steps

to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811,

114 S. Ct. 1970 (1994). A prison official may manifest deliberate indifference

by "intentionally denying or delaying access to medical care." Estelle v. Gamble,

(supra) 429 U.S. at 104-05. Mahan v. Plymouth County House of Corrections,

64 F.3d 14 (1st Cir. 1995); Consolo v. George, 58 F.3d 791 (1st Cir. 1995);

Gaudreault v. Municipality of Salem, Massachusetts, 923 F.2d 203 (1st Cir.

1990); Miranda v. Munoz, 770 F.2d 255 (1st Cir. 1985); Ferranti v. Moran, 618

F.2d 888 (1st Cir. 1980); Layne v. Vinzant, 657 F.2d 468 (1st Cir. 1981).

Indeed, in the Supreme Court case that established deliberate indifference to

serious medical needs in the prison context as a constitutional violation, the

Court stated:

> "…These elementary principles establish the government's
> obligation to provide medical care for those whom it is
> punishing by incarceration. An inmate must rely on prison
> authorities to treat his medical needs; if the authorities fail to do
> so, those needs will not be met. In the worst cases, such a failure
> may actually produce physical torture or a lingering death, the
> evils of most immediate concern to the drafters of the
> Amendment. In less serious cases, denial of medical care may
> result in pain and suffering which no one suggests would serve
> any penological purpose. The infliction of such unnecessary
> suffering is inconsistent with contemporary standards of decency
> as manifested in modern legislation codifying the common law
> view that "it is but just that the public be required to care for the
> prisoner, who cannot by reason of the deprivation of his liberty,
> care for himself."

5-6    Plaintiff agrees that that §1983 actions may not be based upon

*Respondeate Superior*, and agrees further that state tort claims against

Talley and Taylor for negligence are barred.  However, personal

involvement for § 1983 purposes may be shown by either actual

participation in the misconduct.  Rhode v Dellarciprete, 845 F.2d

1195(3d Cir. 1988) (supra) or knowledge of and acquiescence in the

misconduct Robinson v. City of Pittsburgh, 120 F.3d 1286(3d Cir.

1997)(supra) or in circumstances in which *inaction* sends a message of

approval of the misconduct <u>Chincello v. Fenton,</u> 805 F.2d 126 (3d Cir.

1986)(supra).

7.      Plaintiff is not proceeding against the Delaware or Defendants

Taylor and Talley under 11 Del. C. §6536, and no allegation of medical

negligence is being asserted against them except within the context of an

Eighth Amendment claim.  Likewise, Plaintiffs are not proceeding

against defendants Taylor and Talley in tort.

8-9.    **Qualified Immunity**.      In response to the assertion of qualified

immunity for Taylor and Talley, reference is made to the 1976 decision

of the United States Supreme Court in <u>Estelle v. Gamble</u> (supra) and the

holdings of various courts which followed that decision.  Individuals are

immune from damages unless their conduct violates rights which were

clearly established at the time the conduct occurred.  <u>Harlow v.</u>

<u>Fitzgerald,</u> 457 U.S. 800(1982); <u>Siegert v. Gilley,</u> 500 U.S. 226(1991).

Motive is not an issue in the determination.  The objective test focuses on

the state of the law at the time and the presence or absence of malice on

the part of the defendant is irrelevant.

10.     Plaintiff has alleged and intends to prove deliberate indifference to

a serious medical need as a product of policy in his specific case and as a

matter of wide spread practice throughout the Delaware Correctional

System.  Plaintiff reasserts that under the existing law, personal

involvement may be shown by either actual participation in the

misconduct.  Rhode v Dellarciprete, 845 F.2d 1195(3d Cir. 1988) (supra)

or knowledge of and acquiescence in the misconduct Robinson v. City of

Pittsburgh, 120 F.3d 1286(3d Cir. 1997)(supra) or under circumstances in

which *inaction* sends a message of approval of the misconduct Chincello

v. Fenton, 805 F.2d 126 (3d Cir. 1986)(supra).

11-17.  Plaintiff has alleged reckless disregard and deliberate indifference

at paragraphs 30 of the Amended Complaint.

WHEREFORE, Plaintiff respectfully requests that the Motion of

Defendants Taylor and Talley be dismissed.

Dated November 11, 2005

/s/_____ Jeffrey Bartels_____

Jeffrey Bartels, Esq.
Kenneth W. Richmond, Esq.
Attorneys for Plaintiff

IN THE UNITED STATES DISCTRICTY COURT
FOR THE STATE OF DELAWARE

ESTATE OF LOUIS CHANCE,

              Plaintiff                                    C. A. No. 05-449-SLR

          v.

FIRST CORRECTIONAL MEDICAL-
DELAWARE, et al.

              Defendants

**O R D E R**

AND NOW,  this_____day of_____, 2005, upon

consideration of the Motion of Defendants Taylor and Talley pursuant to

12(b)(6) and 12(b)(1) and the response thereto, it is

ORDERED that the Motion is DENIED  and Defendants Taylor and Talley

are directed to file and answer to the Amended Complaint within 20 days.

_____
The Honorable Sue L. Robinson,  Chief Judge
United States District Court for Delaware

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, I electronically filed the Plaintiff's Response to the Motion of Defendants Taylor and Talley to Dismiss with the Clerk of Court. I have e-mailed copies to Dana M. Spring, Esquire and Ophelia M. Waters, Esquire and have sent copies by U.S. Postal Service to Daniel L. McKenty, Esquire.

/s/ Kenneth W. Richmond, Esq.