IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LOUIS CHANCE | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | C.A. NO. 05-449-SLR |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FIRST CORRECTIONAL MEDICAL-DELAWARE, LLC, ET AL. | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' TAYLOR AND TALLEY REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

The State Defendants, by and through counsel, pursuant to Local District Court Civil Rule 7.1.3 (c) (2) hereby offer this reply in support of the Motion to Dismiss previously filed on their behalf as follows:

**A.  BEYOND DOUBT PLAINTIFFS CAN PROVE NO SET OF FACTS IN SUPPORT OF THEIR CLAIMS AGAINST DEFENDANTS TAYLOR AND TALLEY THAT WOULD ENTITLE THEM TO RELIEF.**

The State Defendants filed their original Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b) (6). At this juncture, Defendants have demonstrated where, as is the case here, even accepting Plaintiffs' factual allegations as true, and drawing all inferences in Plaintiffs' favor, the pleading failed to set forth sufficient information to determine whether a cognizable legal theory exists on which relief could be granted to them. Plaintiffs' Response simply reiterates previous claims that cost containment practices of Defendant Taylor and FCM resulted in a deliberate denial of access to medical care for decedent. Plaintiffs go on to state that Defendant Talley assumed a duty to insure

efficient and effective delivery of health care to decedent and had notice and knowledge of inmate "healthcare issues" and thus is liable for any alleged deprivation of decedent's constitutional rights. (D.I. 3). Nonetheless, Plaintiffs have offered merely bald assertions, subjective characterizations, and legal conclusions. That Plaintiffs failure to allege specifically how Taylor and Talley participated in any actions or omissions that violated Chance's constitutional rights, defeats their claims for relief. Consequently, Plaintiffs' assertions are insufficient to overcome Defendants' Motion to Dismiss for failure to state claim.

Indeed, First Correctional Medical, LLC contracted with the Delaware Department of Correction to provide medical services to Delaware prisoners statewide. Neither state defendant directly supervised the medical staff or the inmates' medical treatments, but instead administered the medical/treatment contract. 11 *Del. C.* § 6517 (13). And, even if the Plaintiffs' may be able to point to an instance where decedents' medical care may have been deficient, they cannot attribute any fault to Taylor or Talley, or assess a failure which reflects a "deliberate " or "conscious" choice to cause a constitutional deprivation.

        **B.**    **PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT EITHER DEFENDANTS TAYLOR OR TALLEY HAD ANY PERSONAL INVOLVMENT IN ALLEGED VIOLATIONS OF CHANCE'S CONSTITUTIONAL RIGHTS**

Louis Chance admittedly was placed in the infirmary and received ongoing medical treatment after he complained of headaches. Summarizing the Plaintiffs' statement of facts, it appears beginning September 8, 2003, as a result of Chance's complaint of experiencing headache, he received medical evaluations, medications for

pain, and close monitoring. (D.I. 3).However no where in Plaintiffs complaint is a basis for liability under 42 U.S.C. § 1983 stated with appropriate particularity. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) ("Allegations of personal direction or of actual knowledge and acquiescence" are adequate to demonstrate personal involvement; however such allegations are required to be "made with appropriate particularity."). Plaintiffs do not state any facts to suggest any personal involvement in, or knowledge of, the alleged incidents with Louis Chance by Taylor or Talley.

      C.    **PLAINTIFFS FAIL TO SATISFY THE TWO-PRONGED DELIBERATE INDIFFERENCE STANDARD TO CONSTITUTE AN EIGHTH AMENDMENT VIOLATION**

     A contractual agreement between the Delaware Department of Correction and FCM, a qualified health care vendor, to provide appropriate health care services to the inmate population does not demonstrate that Commissioner Taylor or Chief Talley deprived Louis Chance of a constitutional right. Plaintiffs have offered nothing more than unsubstantiated allegations that Defendants failed to "insure efficient and effective medical care" which, Plaintiffs state "created a policy of deliberate indifference" thereby depriving Louis Chance of his constitutional right to adequate medical care.

     In *Farmer v. Brennan*, the Supreme Court undertook to define the term "deliberate indifference" by stating that deliberate indifference exists where a prison official "knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 825. That Louis Chance developed a serious medical illness which necessitated medical treatment is not in dispute. In addition, the fact that he received medical treatment during this relevant time period is also undisputed. Importantly, Defendant

Taylor established reasonable health care services for the Delaware institutions, and to that end, entered into a contract with FCM to carry out those services. The difference in medical opinion over the treatment that could have or should have been given does not constitute deliberate indifference.

Indeed, the Department has an obligation to its prisoners under the Eighth Amendment to which the contract medical vendor is bound. See *West v. Atkins*, 487 U.S. 42, 54 (1988). This District Court in *Swan v. Daniels*, 923 F. Supp. 626 (1995), was called upon to determine whether prison officials and the state contracted medical provider acted with deliberate indifference by disregarding plaintiff's serious medical needs and by failing to prevent his attempted suicide. The court in *Swan* concluded that the contract medical vendor can not be responsible for the constitutional violations of its employees, but will be liable only if its policies or procedures are unconstitutional or are the "moving force" behind the constitutional violation. *Swan v. Daniels*, 923 F. Supp. at 632. (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694-95 (1978); *Colburn v. Upper Darby Tp.*, 946 F.2d 1017, 1027-29 (3d Cir. 1991)). Thus in considering alleged liability of a corporation the District Court held "the policies must be so inadequate and ineffective such that the mere decision to employ them demonstrates deliberate indifference on the part of the policy maker." *Id*. Moreover, the District Court noted "CMS is not liable under the Constitution simply for failing to follow a contractual standard of care it may have agreed upon with the State." *Id.* at 633. Likewise, the court refused to assess liability against the supervisory correction defendants, stating that the suicide prevention policies in existence and applied did not demonstrate deliberate indifference, but rather showed a concern for the risk of an attempted suicide and

reasonable measures to abate the risk. *Id.*

In the instant case, Plaintiffs allege that a policy of deliberate denial of access to medical care existed between Taylor and to a lesser degree Talley, and the FCM. Plaintiffs further allege that the actions or inactions of the FCM medical staff is a basis for § 1983 liability against Taylor and Talley. However, merely alleging that Defendants Taylor and Talley are responsible for Louis Chance's death because he did not receive a timely MRI does not represent a "Department policy" of deliberate denial of access to medical care sufficient to hold them liable.

### C. CONCLUSION

Wherefore, for the reasons stated herein, and for the reasons stated in the Defendants' opening memoranda of points and authorities in support of their Motion to Dismiss, adopted herein, the State defendants are entitled to dismissal of Plaintiffs' claim against Defendants Taylor and Talley as amended, for failure to state a claim for which relief could be granted.

STATE OF DELAWARE
DEPARTMENT JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D.3879
Deputy Attorney General
Carvel State Office Building
820 N. French St., 6th Floor
Wilmington, DE 19801
Dated: November 21, 2005                (302) 577-8400

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2005, I electronically filed *Reply Memorandum* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: Kenneth W. Richmond, Esquire and Dana M. Spring, Esquire. I hereby certify that on November 21, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants: Jeffrey K. Bartels, Esquire and Daniel L. McKenty, Esquire

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us