IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-449-SLR |
| FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR. JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR and JOYCE TALLEY, | : | |
| Defendants. | : | |

### ORDER

At Wilmington this **24th** day of **February, 2006,**

IT IS ORDERED that:

1. A settlement conference has been scheduled for **Thursday, April 27, 2006 at 4:30 p.m.**

The purpose of the settlement conference is to explore the possibility of a global resolution of three matters and avoid, if possible, the necessity of initiating a lawsuit in two of the matters. The three matters are: the above-captioned case and the claims arising from the deaths of Ronald Trotman and William J. Cox, the decedents.

2. **Required participants who must be present:**

    a. Trial counsel and counsel familiar with the case.

    b. Insurance representatives and/or decision-makers of the parties, who must have full authority to act on behalf of the parties, including the authority

to negotiate a resolution of the matters.

In-person attendance by the above-described individuals is required unless otherwise authorized by the Court. Any request to modify this requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel no later than **April 12, 2006.**

In addition, under separate cover, the direct dial telephone work numbers and cell or home numbers of in-state and out-of-state counsel who will be attending shall be provided to the Magistrate Judge.

**On or before April 12, 2006, any request to bring electronic equipment, for example, cell phones, blackberries or laptop computers, for use ONLY during the settlement conference, must be made in writing under separate cover and shall include the name(s) of the individuals and the equipment requested to be authorized.**

3.  Defense counsel shall immediately respond to any request from counsel for the decedents for their medical records and provide a complete copy of said records. A quick response is necessary to allow the settlement conference to proceed and to allow decedent's counsel to complete his obligations under this Order.

On or before **April 12, 2006,** counsel for the decedents shall provide to the Magistrate Judge and defense counsel a short statement of facts, including those facts believed to be in dispute and a draft or summary of the liability/damages experts' reports. The statement, exclusive of the expert analysis and exhibits, **shall be limited to fifteen (15) pages, double-spaced, 12 pt. font.**

No responsive statement is required from the defendants, however, defense counsel and their decision makers shall be prepared to discuss the

liability/damage issues. Any responsive statement by either defense group (private or state defendants) **shall be limited to ten (10) pages each** (exclusive of exhibits) and **double-spaced, 12 pt. font** and shall address the three decedents. A copy of the responsive statement shall be provided to the Magistrate Judge and decedent's counsel on or before **April 20, 2006.**

Any submission by any party **shall be delivered to, but not filed with** the Clerk's Office, addressed to U. S. Magistrate Judge Mary Pat Thynge and marked **Settlement Statement." None of the submissions shall be electronically filed with the Court.**

4.  Those participating in the settlement conference shall be available and accessible throughout the process. The Court expects the parties' full and good faith cooperation with the settlement process.

5.  **The contents of the settlement conference statements and the conference discussions, including any resolution or settlement, shall remain confidential and are covered by the provisions of FRE 408, shall not be used in the present litigation, nor any other litigation presently pending or filed in the future, and shall not be construed as nor constitute an admission. Breach of this provision shall subject the violator to sanctions.**

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

UNITED STATES MAGISTRATE JUDGE