IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., by Amanda Humphreys and Louis Chance, III, Personal Representatives, : : : : | |
| Plaintiff, : : | |
| v. : : | C.A. No. 05-449-SLR |
| FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR. JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR, and BUREAU CHIEF JOYCE TALLEY, : : : : : : : | |
| Defendants. : | |

**ANSWER TO AMENDED COMPLAINT**

Defendants Stanley Taylor and Joyce Talley hereby answer the amended complaint as follows:

1. This is a legal conclusion to which no response is required.

2. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

3. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph as to the first sentence in this paragraph. It is admitted that First Correctional Medical Delaware, LLC ["FCM"] was contracted to provide certain health care services for inmates and others in all Department of Correction custody facilities, including Webb Correctional Facility

and the Howard R. Young Correctional Institute by an agreement dated June 17, 2002. It is denied that the contract for health care services was between FCM and defendant Stanley Taylor.

4. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

5. Admitted that Stanley Taylor was the Commissioner of Correction who executed a health care services contract on behalf of the State of Delaware, Department of Correction with FCM on June 17, 2002. It is denied that Stanley Taylor entered into a contract with FCM at any time.

6. Admitted that Joyce Talley is Bureau Chief for Management Services. The balance of the paragraph is a legal contention for which no response is required

7. Admitted that FCM contracted with the State of Delaware, Department of Correction for delivery of health care services. The balance is denied as stated as the contract speaks for itself.

8. Denied.

9. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

10. Admitted that decedent was committed to the custody of the Department of Correction. It is denied that the Department assigned decedent with a State Bureau of Identification number 169066. As to the balance of the paragraph answering defendants are without sufficient information to form a belief

as to the truth of this paragraph.

11 to 25.   Answering defendants are without sufficient information to form a belief as to the truth of these paragraphs.

26.   Denied.

27.   Denied.

28.   This is a legal contention for which no response is required.

29.   This is a legal contention for which no response is required.

30.   This paragraph is not directed to answering defendants.

31.   Denied to the extent this is a factual allegation. If it is a legal contention, no response is required.

32.   Denied to the extent this is a factual allegation. If it is a legal contention, no response is required.

33.   Denied.

34.   This paragraph is not directed to answering defendants.

35.   This paragraph is not directed to answering defendants.

### Affirmative and other Defenses

36.   The complaint fails to state a legal claim, in whole or in part, and should be dismissed.

37.   The claims are barred by the Eleventh Amendment of the U.S. Constitution.

38.   The claims are barred by the appropriate statute of limitation or statute of repose.

39.    Answering defendants are entitled to official immunity.

40.    State law claims, if any, are barred by sovereign immunity under the Delaware Constitution and the State Tort Claims Act, 10 *Del.C.* § 4001 et seq.

41.    Plaintiffs' claims are barred, in whole or in part, due to the failure of plaintiffs' decedent to exhaust his administrative remedies under State and Federal law.

42.    To the extent any answering defendant is found to be liable to plaintiff, the damages, if any, must be reduced to reflect decedent's own wrongful conduct under 10 *Del.C.* § 8132 where decedent was 50% or less comparatively liable. Decedent's wrongful conduct consists of his failure to truthfully admit to his HIV risk status and/or to request a HIV blood test.

43.    Plaintiff's injuries and death was the result of a superseding cause and not due to any act or omission of answering defendants. One of the superseding causes was decedent's failure to truthfully admit to his HIV risk status and/or to request a HIV blood test.

## **Cross Claims**

44.    Answering defendants hereby assert a claim for indemnification against First Correctional Medical – Delaware, LLC in accordance with section 8 of the June 17, 2002 contract between FCM and the Department of Correction for the State of Delaware.

45.    Answering defendants have denied liability and any wrongdoing in this matter. However, in the event there is an adverse judgment against them, they

are entitled to common law indemnification as against all other defendants whose negligence or wrongdoing was the primary cause of any and all damage sustained by the plaintiff, and for which the answering defendants, if liable at all, are only secondarily liable.

46. With respect to any state law claim for negligence or wrongdoing or any recovery there under, answering defendants request that the relative degrees of fault be apportioned pursuant to the Uniform Contribution Among Tortfeasors Law, 10 *Del. C.* § 6301, *et seq.*

WHEREFORE, answering defendants request judgment in their favor for all that is just and proper, with costs and attorney fees assessed against plaintiff.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street
6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 25, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 25, 2006, he caused the **Defendants' Taylor and Talley Answer to Amended Complaint** to be served on the following persons via electronic mail:

**NAME AND ADDRESS OF RECIPIENT(S):**

| | |
|---|---|
| Kenneth W. Richmond, Esq.<br>Pro Hac Vice | Dana Spring Monzo, Esq.<br>McCullough & McKenty, P.A.<br>1225 North King Street, Suite 1100<br>P.O. Box 397<br>Wilmington, DE 19899-0397 |
| Jeffrey K. Bartels, Esquire<br>401 South Maryland Avenue<br>Wilmington, DE 19804 | Daniel L. McKenty, Esq.<br>McCullough & McKenty, P.A.<br>1225 North King Street, Suite 1100<br>P.O. Box 397<br>Wilmington, DE 19899-0397 |

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

  /s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. #2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Taylor and Talley