# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE JR.<br><br>    Plaintiff<br><br>v.<br><br>FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR and JOYCE TALLEY<br><br>    Defendants | C.A No: 05-449-SLR |

### PLAINTIFF'S BRIEF IN SUPPORT OF REQUEST FOR EXTENSION OF DEADLINES

**FACTS**

This represents Plaintiff's first request for an extension of the deadlines imposed upon the parties in the Scheduling Order of January 25, 2006. The Motion is based upon the December 31, 2006 public disclosure of a body of unspecified facts stipulated to by Defendant Stanley Taylor which became the basis of U.S. Department of Justice conclusions that prison medical care in Delaware failed to meet constitutional standards. These facts, together with the findings of independent medical experts are the product of an investigation that commenced in March 2006. None of the investigation documents, stipulations, or witness statements developed during the investigation have been produced.

The Plaintiff has diligently requested the material as soon as it was disclosed, but the discovery deadline of February 28, 2007 presently insufficient time to secure the material and investigate and confirm the contents.

**QUESTION PRESENTED**

Where a seven month long investigation of relevant facts and circumstances surrounding the delivery of prison medical care occurred during the discovery period specified by a Scheduling Order, and the Defendant Stanley Taylor failed to disclose, produce or reference the material before the public announcement by the U.S. Department of Justice, is it appropriate to extend the deadlines of the original Scheduling Order to provide the Plaintiff with an opportunity to examine the material?

**BRIEF ANSWER**

Yes.

**DISCUSSION**

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." **Chiropractic Alliance of N.J. v. Parisi,** 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. Civ. P. 16(b).

"…The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." **Crain v. Tex. Can!,** 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also* **Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,** 424 F.3d 542, 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) Rule 16 (b)s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting **Johnson v. Mammoth**

**Recreations, Inc.**, 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See* **Crain,** 2005 U.S. Dist. LEXIS at *4; **Jones v. J.C. Penney's Dep't Stores, Inc.**, 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In the present matter, which is based in part upon allegations of grossly negligent oversight of prison medical care, the investigations, stipulated facts and witnesses are potentially relevant and should have been voluntarily produced. The volume of the material is unknown, but is likely to require further investigation.

**CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that an Order suspending the original Scheduling Order be entered and that a second Scheduling Conference be conducted following production of the referenced material.

Respectfully submitted

/s/_____
Jeffrey K. Bartels
Kenneth William Richmond, *pro hac vice*
401 South Maryland Ave.
Wilmington, DE 19804
302-995-6211