# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE JR.<br><br>                Plaintiff<br><br>      v.<br><br>FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR and JOYCE TALLEY<br><br>                Defendants | C.A No: 05-449-SLR |

### PLAINTIFF'S BRIEF IN SUPPORT OF A MOTION TO COMPELL PURSUANT TO RULE 37

## FACTS

This is an action based in part upon 28 U.S.C. 1983 alleging a violation of a right to lawful medical care afforded under Amendment VIII of the United States Constitution. The Defendants contend that 24 Del. C. § 1768 (2006) of the Delaware statutes affords privilege from disclosure of medical peer review documents.

## QUESTION PRESENTED

In the 3rd. Circuit, are state peer review evidentiary privileges recognized?

## BRIEF ANSWER

No.

## DISCUSSION

Recently, on October 18, 2006 in the case of **EVERETT HADIX, et al. v. CARUSO,** et al., 2006 U.S. Dist. of Western Michigan, reported at LEXIS 72967 a District Court held that peer review opinions were not available to prisoners alleging unconstitutional medical care stating,

> "…The Ninth Circuit's analysis in *Agster* is applicable but not persuasive. Prisoner civil rights cases founded on Eighth Amendment claims that doctors failed to provide adequate medical care are the federal equivalent of state medical malpractice suits (with the caveat that liability in such suits depends on a showing of intentional or reckless disregard of the prisoner's rights). These suits are the very object of the state statutes which create the peer review privilege…"

The *Agster* case referenced arises out of an Arizona prison death case. **Agster v. Maricopa County**, 422 F.3d 836; 2005 U.S. App. LEXIS 18559, August 29, 2005 in which the 9th. Circuit stated,

> "…The federal law of privilege applied to the case under Fed. R. Evid. 501 did not recognize a peer review privilege in the context of a case involving the death of a prisoner. Although the court could create a new privilege, it would not do so. Congress had chosen not to recognize such a privilege in the Health Care Quality Improvement Act of 1986, 42 U.S.C.S. § § 11101-11152, and it was particularly important for the public to have access to peer reviews examining the care provided in prisons."

The District of Western Michigan is also critical of the Supreme Court of the United States and it's holding in the case of **Univ. of Pa. v. E.E.O.C.,** 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990) which refused to adopt an "academic peer review privilege," the Fourth Circuit's decision in **Virmani v. Novant Health Inc.,** 259 F.3d 284, 289 (4th Cir. 2001), which refused to adopt a "medical peer review privilege" in the context of a racial discrimination

employment suit, and, of course, the 3rd. Circuit's holding in **Pearson v Miller, et al.** 211 F.3d 57; 2000 U.S. App. LEXIS 8072; 53 Fed. R. Evid. Serv. (Callaghan) 1309 which rejected appellants' request for the federal recognition of one or more evidentiary privileges derived from the Pennsylvania confidentiality provisions under which appellants sought protection from discovery. Appellants' requests for federal recognition of evidentiary privileges derived from Pennsylvania confidentiality provisions was denied. The lower court's order was vacated for reconsideration of present discovery dispute, with direction to modify its discovery order to remove any conditions imposed solely to conform to state law.

The District Courts of Delaware addressed the evidentiary conflict in the case of **Quinn v. Kent General Hospital**, 617 F. Supp 1226 (1985) an employment discrimination case in which the Delaware Statute 24 Del. C. 1768 was invoked to protect the physicians who allegedly discriminated against the Plaintiff on the basis of a review of his performance. This District court stated,

> " In the absence of state action or express federal statutory exemption federal antitrust law will preempt state law to the extent that the latter conflicts with it. A conflict will be found where the state law stands as an obstacle to the accomplishment and execution of the purposes and objectives of Congress."

The *Agster* Court (supra) applies reasoning most relevant to the case at hand,

> "…[where] the privilege is sought to protect a report bearing on the death of a prisoner. Whereas in the ordinary hospital it may be that the first object of all involved in patient care is the welfare of the patient, in the prison context the safety and efficiency of the prison may operate as goals affecting the care offered. In these circumstances, it is peculiarly important that the public have access to the assessment by peers of the care provided. Given the demands for public accountability, which seem likely to guarantee that

such reviews take place whether they are privileged or not, we are not convinced by the County's argument that such reviews will cease unless kept confidential by a federal peer review privilege. Accordingly, we are unwilling to create the privilege in this case. " 422 F 3d. at 839.

This reasoning makes clear that the peer review protection could effectively shield the state from scrutiny. It is notable, that the actual document sought in *Agster* was the mortality review for the prisoner. The mortality review has also been the subject of asserted protection in the instant case.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Defendants be ordered to produce any documents reviewing the medical care provided to the decedent and documents reviewing the care provided by FCM in general.

Respectfully submitted

/s/_____
Jeffrey K. Bartels
Kenneth William Richmond, *pro hac vice*
401 South Maryland Ave.
Wilmington, DE 19804
302-995-6211