SUPERIOR COURT
OF THE
STATE OF DELAWARE

2006 MR 14 PM 2:39

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

March 14, 2006

Ben T. Castle, Esquire
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

Dana M. Spring, Esquire
1225 N. King Street
Suite 1100
Wilmington, DE 19899

    RE:  Michael Surtees v. First Correctional Medical
           C.A. No. 05C-09-236-PLA

Dear Counsel:

    The Court has reviewed the document titled "National Commission on Correctional Health Care's 200 Audit of First Correctional Medical" that was submitted by counsel on behalf of First Correctional Medical Delaware, LLC for in camera consideration.

    Plaintiff in this medical malpractice action has filed a request for production seeking the report. Upon defendant's claim of privilege, the plaintiff filed a Motion to Compel that was opposed by defendant pursuant to 24 Del.C. §1768. Defendant argues that the audit in this case is a document created by a peer review committee of a certified health maintenance organization with a view toward the quality of care and utilization of hospital facilities in a prison setting. Defendant submits that the National Commission on Correctional Health Care and its work are protected by the statute. The parties are thus disputing whether that statute is intended to protect the peer review findings related to health care in a prison setting.

    I am satisfied from my review of the report that the bulk of it is not relevant. Indeed, the report is full of numerous findings related specifically to health care provided to individuals other than the plaintiff, and the

Ben T. Castle, Esquire
Dana M. Spring, Esquire
March 14, 2006
Page 2

overall conclusions relate to systemic recommendations or observations which would have no bearing upon the care that this particular inmate received.

To the extent that any portion of the report could be deemed to be related to this case and thereby potentially discoverable, I conclude that the information is privileged and protected from disclosure under the statute. In my judgment, the statute provides confidential protection for the records and findings of this commission as it is charged with the review and enforcement of professional standards for prison medical care. The fact that the prison health care system does not specifically fit into the categories identified in the statute, as argued by plaintiff, misses the point. The purpose of the statute is to encourage this type of peer review process without fear of having the remedial suggestions made public. Obviously, there would be a chilling effect if these reviews were subject to disclosure, and the statute provides protection for records involving professional standards, review and enforcement. These records, in my judgment, fit within the statutory protection. The prison infirmary is precisely the type of setting for which the statute was intended.

I do not consider the case of *French v. Medical Center of Delaware* to be precedent for disclosure in this instance. In that case, the Court allowed disclosure of handwritten statements, prepared by hospital staff members, for the purpose of making a contemporaneous record of what they saw and heard relating to that incident. They were not created for peer review, as here. The District Court aptly stated the purpose of the statute, in words that apply with equal force to this case:

> The title of the statute, its organization and language, and the case law decided under it, all suggest that while this statute may have been somewhat unartfully drawn, it is intended to address a narrow and specific matter: providing immunity and confidentiality for committees and boards that review health care. The statute provides a privilege for the documents and records prepared by and for those committees. As the case law suggests, the statute is intended to provide some shelter for the health care profession's practice of relying on critical and candid peer and organization review to evaluate and improve health care services. In providing immunity for members of review

Ben T. Castle, Esquire
Dana M. Spring, Esquire
March 14, 2006
Page 3

> boards and a privilege for papers prepared in the review process, the General Assembly was attempting to encourage and protect the review process from the intrusion and burdens of litigation. As the case law suggests, the essence of what is being protected under the statute is not information, not facts about a particular procedure or incident. **Rather, the statute is directed at protecting the exchange of ideas, criticisms, and comments that the members of a review committee need to feel free to contribute in order to ensure that the committee's analysis is candid and rigorous and can assist the medical community in reviewing and improving the quality of its services.**

C.A. No. 92-739 RRM, D.Del. (10/6/1984) p. 11 (emphasis added).

To summarize, I cannot find anything that is contained in the report to be relevant or lead to relevant information to support plaintiff's claims in this case. To the extent that any information may exist within the report that may lead to relevant information, it is privileged and not discoverable under 24 *Del.C.* §1768.

**IT IS SO ORDERED.**

Yours very truly,

*Peggy L. Ableman*

Peggy L. Ableman

PLA:jmd
cc:   Prothonotary

2006 MAR 14 PM 2:39
FILED
PROTHONOTARY