## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ESTATE OF LOUIS W. CHANCE** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs** | ) | **C.A. No. 05-449-SLR** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL** | ) | **JURY OF 12 DEMANDED** |
| **LLC, DR. NIRANJANA SHAH, AND** | ) | |
| **DR. JOSE ARAMBURO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### FCM DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 16.5 REQUEST FOR EXTENSION OF DEADLINES

First Correctional Medical, Inc., Dr. Niranjana Shah, and Dr. Jose A. Aramburo, Jr., (hereinafter the "FCM Defendants"), through their undersigned counsel, hereby request that this honorable Court deny plaintiff's *Rule 16.5 Request for Extension of Deadlines* because plaintiff's motion is without good cause and a discovery extension will unduly prejudice the FCM Defendants. In support of their position, the FCM Defendants offer the following:

### I.    Background

1.    First Correctional Medical - Delaware, LLC, (hereinafter "FCM"), contracted with the State of Delaware Department of Correction to provide health care to the Delaware prison system from July 1, 2002 - June 30, 2005.

2.    Defendants Niranjana Shah, M.D., and Jose A. Aramburo M.D., were employees of FCM at all times relevant to this lawsuit.

3.    Louis W. Chance, Jr., (hereinafter "Decedent"), was incarcerated in April 2003 in the Delaware correctional system for a fourth driving under the influence violation.  While incarcerated,

Decedent served at the Webb Correctional Institution, (hereinafter "WCI").

4.    On September 8, 2003, Decedent presented to the infirmary at WCI for complaints of a bad headache. Decedent again[1] denied that he had HIV.  Decedent was treated that day and every day through September 23, 2003, by nurses, medical doctors, physician's assistants, mental health professionals, and a psychiatrist for his medical complaints.  Various examinations, treatments and medications were performed/prescribed in an attempt to relieve Decedent's discomfort.

5.    On September 23, 2003, at 07:30, Decedent was found unresponsive in his cell. Decedent was immediately transported to Saint Francis hospital, where he expired a few hours later. The State Medical Examiner's autopsy indicates that Decedent's cause of death was Cryptococcal Meningitis[2], an HIV/AIDS related infection.  It was not until the autopsy report findings were published, that FCM or its employees learned that the Decedent had AIDS.

6.    Beginning in September of 2005 and continuing through the present, the *News Journal*, and other local news media, have provided extensive news coverage of alleged health care violations in the Delaware prison system.

7.    Counsel for the plaintiff and family members of the Decedent have given statements to both the *News Journal* and other news media about the facts of this case as well as offered personal commentary about the health care in the Delaware prison facilities.

---

[1]Decedent's medical records repeatedly demonstrate that the Decedent denied risk factors associated with HIV/AIDS, denied having HIV/AIDS, and that Decedent did not avail himself of the free, but non-mandatory, HIV test.

[2]Cryptococcal Meningitis is "a life-threatening infection that can occur if there has been exposure to a fungus called Cryptococcus neoformas." http://www.tthhivclinic.com/cryptomen.htm .   The infection most commonly affects the brain, causing swelling of meninges (the lining of the brain) and the condition meningitis.  *Id*.

8.      In October 2005, it was reported by the *News Journal*, that the Civil Rights Division of the U.S. Department of Justice had opened a formal inquiry into the medical care provided to inmates by the Delaware prison system.

9.      In March of 2006, the *News Journal* reported that the U.S. Department of Justice was conducting a federal investigation of the health care provided to inmates by the Delaware prison system.

10.     On December 29, 2006, the U.S. Department of Justice issued a letter to Governor Ruth Ann Minner addressing its findings upon the conclusion of its investigation of the Delaware prison system.

## II.    **Procedural History**

11.     On June 29, 2005, plaintiff, the Estate of Louis Chance, Jr., filed a lawsuit in this Court alleging medical malpractice and 42 U.S.C. § 1983 violations against the defendants.

12.     On January 4, 2006, the State Defendants served their 26(a)(1) initial disclosures, D.I. 19.

13.     On January 16, 2006, the FCM Defendants served their 26(a)(1) initial disclosures, D.I. 42.

14.     On January 19, 2006, counsel for parties participated in a scheduling teleconference with Judge Sue L. Robinson.

15.     On January 25, 2006, this Court entered a scheduling order which set the discovery deadline as February 28, 2007, D.I. 24.

16.     On January 25, 2006, counsel for the FCM Defendants served a First Set of Interrogatories upon the plaintiff, D.I. 26.

3

17.    On May 8, 2006, counsel for the State Defendants served a First Set of Interrogatories and Request for Production upon the plaintiff, D.I. 31 and 32.

18.    On January 3, 2007, plaintiff served Second[3] Request for Production Directed to Defendants Stanley Taylor and Joyce Talley.  This document was not properly noticed with the Court and is not reflected as being served on the docket in this case.

19.    On January 18, 2007, plaintiff filed a Motion for Extension of Time to Complete Discovery, D.I. 45.

20.    On January 24, 2007, counsel for the State Defendants served responses to Plaintiff's First[4] Request for Production, D.I. 50.

21.    Trial is scheduled to commence on July 30, 2007.

## III.    Legal Standards

22.    Federal Rule of Civil Procedure (F.R.C.P.) 16(b) states that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge."

## IV.    Plaintiff's Request For The Extension Of The Discovery Deadline Should Be Denied

23.    Counsel for all parties have been aware of the discovery deadline since January of 2006.

24.    Counsel for defendants provided plaintiff with Rule 26(a)(1) disclosures in January

---

[3] Plaintiff designates this Request for Production to the State Defendants as "Second". However, no Request for Production by the plaintiff is noted on the docket.  Notwithstanding, Counsel for the FCM Defendants could not find any evidence of a First Request for Production by the Plaintiff to the State Defendants in her file.

[4]The State Defendants responded to Plaintiff's "Second Request for Production Directed to Defendants Stanley Taylor and Joyce Talley" with "Defendants' Taylor and Talley Response to Plaintiff's First Request for Production" - thus suggesting that no First Request was ever filed by the plaintiff and the using of "Second Request" was an error on behalf of plaintiff's counsel.

of 2006. Counsel for the defendants served written discovery requests to the plaintiff in January and May of 2006 respectively.

25.    Plaintiff commenced depositions in this case in June of 2006 and has deposed Niranjana Shah, M.D., Jose Aramburo, M.D., Sitta Gombeh-Alie, M.D., Former Commissioner Stanley Taylor, Former Bureau Chief Joyce Talley, and James Welch, R.N.

26.    Plaintiff did not file any written discovery requests to either set of defendants until December 29, 2006 (FCM Defendants) and January 3, 2007 (State Defendants). Neither of these requests were properly filed with the Court.

27.    The general public has been well aware of the U.S. Department of Justice formal inquiry of the Delaware prison facilities since October 2005 and the subsequent investigation since March 2006 as they have been covered extensively by the *News Journal* and other local news media.

28.    Plaintiff and its counsel cannot claim ignorance of either the Department of Justice formal inquiry or investigation as they have been well aware of the local media coverage of the Delaware prison facilities. Both plaintiff and its counsel have provided numerous statements throughout this time period to various local news media, including the *News Journal*, regarding the facts of this case as well as general commentary about the condition of the Delaware prisons. Furthermore, counsel for the plaintiff has inquired in various depositions about the federal investigation.

29.    The plaintiff does not have good cause to extend the discovery deadlines, because the information it alleges it requires to proceed with litigation has been in the public arena since as early as October 2005. Plaintiff has had more than fourteen months to request the information it states is necessary to prove its case against the defendants and did not do so. Plaintiff should not be

permitted to extend the discovery deadline because it did not initiate written discovery until two months prior to the discovery deadline.

30.     While the Department of Justice letter to Governor Minner is recent, the underlying facts supporting it are not and thus the letter does not constitute a change in circumstances. Plaintiff has had every opportunity to request this information during the Court ordered discovery period. Additionally, the agreement between the Department of Justice and the Department of Correction specifically states that it does not constitute any admissions of constitutional violations and may not be used in any legal proceeding. See D.I. 45, Exhibit B.

32.     Plaintiff might allege that the defendant's have refused to turn over the investigation documents. This argument should not sway the Court in favor the plaintiff. Had plaintiff filed discovery requests in a timely manner, plaintiff could have made use of a Motion to Compel, and the issue of production might have already been decided with time to spare in the discovery period.

33.     The FCM Defendants are extremely cost conscious. An extension of the discovery deadline to permit the plaintiff to continue investigations and seek new experts will unduly prejudice the FCM Defendants because of the financial hardship it will pose.

34.     The FCM Defendants have complied with the Scheduling Order of this Court and commenced discovery as early as January 2006. The FCM Defendants should not be penalized because the plaintiff sat on its hands while the other parties prepared defenses to their cases. This litigation is the plaintiff's case and the plaintiff's burden of proof. The FCM Defendants have endured the stress of litigation for more than a year and a half. They are entitled to maintain their trial date and have conclusion to this litigation.

**V.**    **Conclusion**

For the above mentioned reasons, the FCM Defendants request that plaintiff's Rule 16.5

Request for the Extension of Deadlines be denied.


                                        **McCULLOUGH & McKENTY, P.A.**


                                        /s/ Dana Spring Monzo
                                        Daniel L. McKenty, Del. Bar No. 2689
                                        Dana M. Spring, Del. Bar No. 4605
                                        1225 N. King Street, Suite 1100
                                        P.O. Box 397
                                        Wilmington, DE 19899-0397
                                        (302) 655-6749
                                        Attorneys for First Correctional Medical, Niranjana
                                        Shah, M.D. and Jose Aramburo, M.D.

Dated: February 5, 2007

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ESTATE OF LOUIS W. CHANCE** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs** | ) | **C.A. No. 05-449-SLR** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL** | ) | **JURY OF 12 DEMANDED** |
| **LLC, DR. NIRANJANA SHAH, AND** | ) | |
| **DR. JOSE ARAMBURO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

And now this _____ day of _____, 2007 having considered

*Plaintiff's Rule 16.5 Request for Extension of Deadlines to Rule 37* and *FCM Defendants' Response*

*to Plaintiff's Rule 16.5 Request for Extension of Deadlines*,

      **IT IS  HEREBY ORDERED** that *Plaintiff's Rule 16.5 Request for Extension of Deadlines*

is **DENIED**.


                                        _____

                                                 J.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ESTATE OF LOUIS W. CHANCE** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs** | ) | **C.A. No. 05-449-SLR** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL** | ) | **JURY OF 12 DEMANDED** |
| **LLC, DR. NIRANJANA SHAH, AND** | ) | |
| **DR. JOSE ARAMBURO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I certify that, on this date, one copy of the attached *FCM Defendants' Response to Plaintiff's*

*Rule 16.5 Request for Extension of Deadlines* was electronically served upon the following:

Jeffrey K. Bartels, Esquire.
401 South Maryland Avenue
Wilmington, DE 19804

Kenneth W. Richmond, Esq.
2019 Walnut Street
Philadelphia, PA  19103

Marc Niedzielski, Esquire
Department of Justice
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana M. Spring, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, Niranjana
Shah, M.D. and Jose Aramburo, M.D.

Dated: February 5, 2007