**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF DELAWARE**

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE JR.<br><br>                    Plaintiff<br><br>           v.<br><br>FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR and JOYCE TALLEY<br><br>                    Defendants | C.A No: 05-449-SLR |

**PLAINTIFF'S REPLY TO DEFENDANTS TAYLOR
AND TALLEY ANSWERING BRIEF TO COMPEL AND FOR THE
AWARD OF SANCTIONS
PURSUANT TO RULE 37**


                                                            ATTORNEYS FOR PLAINTIFF

                                                            Jeffrey K. Bartels, Esq.
                                                            Kenneth W. Richmond, Esq. *pro hac*
                                                            401 South Maryland Ave.
March 5, 2007                                               Wilmington, DE. 19804

## ARGUMENT I

PLAINTIFF HAS ASSERTED GOOD FAITH REASONABLE EFFORT TO REACH AGREEMENT WITH RULE 7.1.1 ON THE MATTERS SET FORTH IN THE MOTION ON JANUARY 4, 2007, A FACT WHICH IS INDISPUTABLY ESTABLISHED BY THE DEFENSE ADMISSION AND REFERENCE TO E-MAIL CONTAINING CASE LAW DISCUSSION TO WHICH THERE WAS NO RESPONSE.  MOREOVER A CERTIFICATION IN A SEPARATE DOCUMENT IS ATTACHED HERETO AS EXHIBIT "A".

## ARGUMENT II

THE DEFENSE DOES NOT DISPUTE THAT THE STATUTORY OBJECTIONS ASSERTED IN REPLY TO THE PLAINTIFFS SECOND REQUEST FOR PRODUCTION WERE NON-EXISTANT, UNFOUNDED, INAPPLICABLE OR UNREAD WHILE CONTINUING TO ASSERT BROAD IRRELEVANCE AS A BASIS FOR NON-COMPLIANCE.

### DISCUSSION

I

Paragraph (5) of the Plaintiffs Motion to Compel and for Sanctions asserts that: "5. On January 6, 2007, Plaintiff served a 2nd Request for Production of Documents, a copy of which is attached hereto as Exhibit "F" following a discussion among counsel in a good faith attempt to secure the documents supporting the findings in a voluntary manner."  Indeed, the Plaintiff's counsel quite specifically requested and offered an exchange of case law relating to privilege in the context of federal discovery relating specifically to the question of whether the Defense would be providing the investigative material produced by the Department of Correction in the reported Department of Justice Investigation

Findings.  The Defense was dismissive of Plaintiff's proffer of law at the time and never provided legal support for refusal to comply with Rule 26 in not providing the medical investigation except to incorrectly assert that the investigation did not relate to the institutions where the Plaintiff's decedent had been confined. Footnote 6 of the Defense Response actually references the e-mail which had been sent to the Defense citing the relevant case support for and against the assertion of privilege from disclosure in a federal context.  The Defense was not even aware of the October 18, 2006 <u>Hadix v Caruso,</u> decision of the District Court in Western Michigan. (Lexis 75765) having relied entirely upon the letter ruling up until this citation was provided by the Plaintiff in the e-mail.  No response to that e-mail had been received and the Second Request for Production followed.

II

The defense does not dispute the frivolity of the objections asserted in the Reply to the Plaintiff's Second Request for Production.  Nor is it disputed that the material sought addresses and covers the period of the Chance confinement and institutions.  The Plaintiff has pled and intends to prove that there were widespread systemic failures by Defendants Taylor and Talley in overseeing the medical care that was provided during the relevant period as a result of cost containment practices.

                    Respectfully submitted,

                    /s/_____

                    ATTORNEYS FOR PLAINTIFF

                    Jeffrey K. Bartels, Esq.
                    Kenneth W. Richmond, Esq. *pro hac*
                    401 South Maryland Ave.
March 5, 2007           Wilmington, DE. 19804

# A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE JR.<br><br>                    Plaintiff<br><br>     v.<br><br>FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR and JOYCE TALLEY<br><br>                    Defendants | C.A No: 05-449-SLR |

## PLAINTIFF'S CERTIFICATION
## PURSUANT TO LOCAL RULE 7.1.1

      Undersigned counsel for the Plaintiff hereby certifies that on January 4, 2007 in discussion and later with copies of e-mail to which cases and highlighted language was attached, there was a good faith and reasonable attempt to open discussion of the applicable law relating to privilege in the context of federal discovery rules and there applicability to the published investigation of the Department of Justice and that the Defense dismissively failed to engage in any discussion of the production or the Third Circuit rulings.

                                           ATTORNEYS FOR PLAINTIFF

                                           /s/_____

                                           Jeffrey K. Bartels, Esq.
                                           Kenneth W. Richmond, Esq. *pro hac*
                                           401 South Maryland Ave.
March 5, 2007                            Wilmington, DE. 19804