IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., by Amanda Humphreys and Louis Chance, III, Personal Representatives, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 05-449-SLR |
| FIRST CORRECTIONAL MEDICAL INC., et al., | : : : | |
| Defendants. | : | |

## DEFENDANTS TALLEY'S AND TAYLOR'S REPLY BRIEF

## IN SUPPORT

## OF THEIR MOTION FOR SUMMARY JUDGMENT

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)  577-8400

DATED: April 2, 2007

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................3

ARGUMENT .........................................................................................................................4

    DEFENDANTS TALLEY AND TAYLOR ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS THERE IS NO EVIDENCE THAT WOULD SUPPORT AN EIGHTH AMENDMENT MEDICAL CARE CLAIM AGAINST THEM ............................................................................4

    (a)    Plaintiff has failed to comply with Rule 56(f) ....................................5

    (b)    Plaintiff fails to point to any factual dispute ......................................9

CONCLUSION ...................................................................................................................13

## **TABLE OF AUTHORITIES**

*Castellani v. Delaware State Police,* 751 A.2d 934 (Del.Super. 1999),
    *aff'd*, 744 A.2d 987 (Del. 1999)..................................................................11

*Fort Hill Builders, Inc v. National Grange Mut. Ins. Co.*
    866 F.2d 11 (1st Cir. 1989).............................................................................5

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ...............................9

*Spruill v. Gillis,* 372 F.3d 218 (3d. Cir. 2004) ........................................................12

*Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989) ...................................10

## **Other Authorities**

Eighth Amendment to the United States Constitution..................................4, 7, 12

Tenth Amendment to the United States Constitution ..............................................10

Eleventh Amendment to the United States Constitution .........................................10

Fourteenth Amendment to the United States Constitution .....................................10

42 U.S.C. § 1983......................................................................................................9, 10

11 Del.C. § 6517(13)..................................................................................................11

Fed. R. Civ. P. 56(c)......................................................................................................4

Fed. R. Civ. P. 56(f)...........................................................................................4, 5, 9

Fed. R. Civ. P. 56(g) ....................................................................................................9

L.R. 7.1.3 .....................................................................................................................4

# ARGUMENT

## DEFENDANTS TALLEY AND TAYLOR ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS THERE IS NO EVIDENCE THAT WOULD SUPPORT AN EIGHTH AMENDMENT MEDICAL CARE CLAIM AGAINST THEM.

In their Opening Brief, Talley and Taylor demonstrated that plaintiff's decedent received regular and constant medical care from September 8, 2003 until his transport to St. Francis Hospital on September 23, 2003. Plaintiff did not file an answering brief in the form required by Local Rule 7.1.3 and the document[1] that was filed is difficult to follow. However, plaintiff does not contest or dispute the facts as to continuing and regular medical care that was provided to decedent. Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In response to Talley's and Taylor's motion under Rule 56(c), plaintiff under its argument I, seeks to avoid summary judgment under Rule 56(f) requesting more time for discovery, but under its argument II claims that the record is sufficient for summary judgment purposes.

---

[1] Plaintiff's responsive document is entitled "Plaintiff's Response Brief Contra Motion of Talley and Taylor for Summary Judgment."

### (a)     Plaintiff has failed to comply with Rule 56(f)

To support its request for more discovery under Rule 56(f), plaintiff's *pro hoc vice* counsel submits a purported[2] affidavit.  The affidavit consists of 4 pages that contain 11 paragraphs (Plaintiff's Responsive Document at 14-17).  The affidavit is cleverly crafted to suggest that plaintiff's counsel did not know that a CRIPA inquiry had been commenced against the Department of Correction in March 2006.  However, the affidavit does not affirmatively state that plaintiff's counsel was without knowledge of the federal inquiry.  Additionally, the affidavit is crafted to suggest that defendants failed to advise plaintiff's counsel of the CRIPA inquiry and that Stan Taylor was deceptive at his deposition.  Because these assertions in the affidavit of *pro hoc vice* counsel are "particularity egregious" and submitted to delay this matter, it is requested that plaintiff's motion under Rule 56(f) be stricken and the request to extend discovery be denied. *See Fort Hill Builders, Inc v. National Grange Mut. Ins. Co.,* 866 F.2d 11, 16 (1st Cir. 1989).

Prior to filing this Reply Brief, counsel contacted plaintiff's counsels and requested that the affidavit be withdrawn.  On March 30, 2007 @ 3:05 p.m., *pro hoc vice* counsel refused to withdraw the affidavit.

Regarding counsel's assertion that: "[a]t no time prior to the News Journal publication on December 31, 2006 did the defendants or counsel disclose the existence of the investigation or the contents of the evidence submitted."

---

[2] The document has not been electronically signed as required under ECF format.

(Affidavit of Kenneth W. Richmond, Esquire, p. 17, ¶ 9)  The truth is that prior to plaintiff's second request for production being served in January 2007, plaintiff had never made any discovery request regarding the CRIPA inquiry while it was ongoing.

More troubling is an e-mail[3] dated December 29, 2006 between plaintiff's counsel and Stephen Hampton, Esquire that was attached to an e-mail sent to defense counsel. The e-mail reveals that Mr. Hampton was informed of the conclusion of the CRIPA inquiry by Lee Williams, a reporter for the News Journal.  Plaintiff's counsel thanks Mr. Hampton for the information, but he does not express any surprise that there was a federal inquiry and that is because plaintiff's counsel had been aware of the CRIPA inquiry since March 2006.  It should be noted that plaintiff's counsel does not respond by writing back: "what federal investigation?"  In fact, the media first reported the US DOJ inquiry on

---

[3] **To:** Steve Hampton
**Sent:** Friday, December 29, 2006 5:22 PM
**Subject:** Re: breaking news

Incredible, That's fantastic information Steve.

Ken
----- Original Message -----
**From:** Steve Hampton
**To:** Ken Richmond
**Sent:** Friday, December 29, 2006 3:31 PM
**Subject:** breaking news

Lee from the News Journal just told me that the State of De just cut a deal with the feds. Actually more of a quilty plea according to Lee. This should ease the burden of proving costitutional violations.

Steve

March 9, 2006[4] (by the same reporter that told Mr. Hampton of the CRIPA conclusion) and it has been in the news ever since. Clearly plaintiff had more than a year to seek discovery on the CRIPA matter, but chose not to do so. It is only now at the close of discovery when plaintiff realizes there is no evidence of an Eighth Amendment violation in this case, that plaintiff attempts to avoid summary judgment by delaying this case by seeking evidence in the CRIPA inquiry which is irrelevant to this matter. (see Talley and Taylor Answering Brief Opposing Motion to Compel, D.I. 62)

Plaintiff next tries to claim that it was misled by Stan Taylor's deposition testimony. (Plaintiff's Responsive Document, Affidavit of Kenneth W. Richmond, Esquire, p. 15, ¶ 2) Taylor was never asked about the CRIPA or any federal inquiry against the Department of Correction. The question was that other than the NCCHC audit, did the **Department of Correction** have an investigation of FCM, the medical provider at the time. (November 28, 2006 Deposition of Taylor Tr. 77, line 24 – page 78, line 24) Additionally, the colloquy between plaintiff's pro hoc vice counsel and Stan Taylor makes it clear that the questions were focused on what the DOC actions were toward FCM and did not ask about the U.S. D.O.J. inquiry. (Taylor Tr., at p. 80, line 15[ Q. All right. I am talking about specifically with regard to medical Care. Did any of these lawsuits result in investigation or inquiry **on your part or direction to any of your subordinate staff to investigate** the quality of care in the qualifications of the people rendering

---

[4] The Scheduling Order was entered on January 25, 2006.

care? A. An investigation, no. Q. It did not? A. Not beyond the National Commission on Correctional Healthcare reviews[5](emphasis added).] It is clear that the questions by counsel were inquiries into what the DOC was doing regarding FCM and there is not a single question about the federal CRIPA inquiry. Moreover, contrary to what is suggested in the affidavit, the CRIPA inquiry involved only present inmates at the listed facilities with a single exception. (Plaintiff's Responsive Document, Affidavit of Kenneth W. Richmond, Esquire, p. 16, ¶ 5)

The single exception was the 2002 case of an inmate named Anthony Pierce at the Central Violation of Probation facility. The matter was litigated in the Superior Court, Kent County (C.A.No. 03-01-01) Stephen A. Hampton, Esquire represented the plaintiff and this counsel represented the state defendants. A twisted version of the facts of the Pierce case was featured prominently in the local newspaper in the fall of 2005 along with Mr. Hampton. The same Mr. Hampton is in contact with the staff of the newspaper and with plaintiff's lawyer as revealed by the e-mail sent to defense counsel.

During that same deposition of Stan Taylor, plaintiff's *pro hoc vice* counsel asked about the 2005 newspaper articles regarding prison health care written by Lee Williams, who also wrote the March 9, 2006 story in the *News Journal* about

---

[5] The Health Service Contract between FCM and the State of Delaware requires the provider to deliver the highest standard of medical care where ACA Health Care Standards and NCCHC Standards differ. Accordingly, any performance questions regarding quality of medical care would be determined under the NCCHC standards.

the CRIPA inquiry. (Taylor Tr. 75-78) It is clear that plaintiff's counsel has known of the federal CRIPA inquiry throughout the scheduled discovery period in this case but has waited until the close of discovery to try to extend discovery. Plaintiff seeks to extend discovery because the record is clear that Talley and Taylor are entitled to summary judgment.

Accordingly, the plaintiff's motion under Rule 56(f) should be stricken and denied pursuant to Rule 56(g).

### (b) Plaintiff fails to point to any factual dispute

In Argument II (pages 8-12), plaintiff asserts that aside from its Rule 56(f) motion for a discovery extension, that there is sufficient evidence in the record for deciding the pending summary judgment motions. Plaintiff attempts to fashion an argument suggesting third-party beneficiary claim under the 2002 Health Services Contract between the State of Delaware, Department of Correction and First Correctional Medical–Delaware, LLC. This effort is mistaken for a number of legal reasons. First, there are no contract allegations in the amended complaint and on the third page of plaintiff's responsive document it is clearly stated that this in a 42 U.S.C. § 1983 action. Second, Stan Taylor executed the contract, not in his individual capacity, but in his official capacity on behalf of the State of Delaware. Third, unlike § 1983 official policy claims against municipalities and counties[6],

---

[6] *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978) [Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies.[FN54] Local governing

suits against the State of Delaware or the Commissioner in his official capacity are barred by the Eleventh Amendment. Fourth, neither the State of Delaware nor its officers in their official capacities can be defendants subject to suit for retrospective relief under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989). Finally, the decedent clearly received medical care on an almost daily and continuous basis.

In plaintiff's Table of Contents on page 3 is claim under state law 11 Del.C.

---

bodies,[FN55] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements**2036** or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.]

> FN54. There is certainly no constitutional impediment to municipal liability. "The Tenth Amendment's reservation of nondelegated powers to the States is not implicated by a federal-court judgment enforcing the express prohibitions of unlawful state conduct enacted by the Fourteenth Amendment." (citations omitted) For this reason, (citations omitted), is irrelevant to our consideration of this case. Nor is there any basis for concluding that the Eleventh Amendment is a bar to municipal liability. (citations omitted) Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes.
>
> FN55. Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent-at least where Eleventh Amendment considerations do not control analysis-our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name.

§ 6517(13)[7], but no such argument is presented in the body of the document under Argument II at page 8. There are a number of legal obstacles to this suggestion of a state law claim. First, it was not pled in the amended complaint, and as matter of state law, such statutes do not create legal duties in favor of a plaintiff. *Castellani v. Delaware State Police,* 751 A.2d 934 (Del.Super. 1999), *aff'd*, 744 A.2d 987 (Del. 1999). Finally, the provision merely assigns the Commissioner or his designee a public duty to administer the medical/treatment contract. The undisputed record reveals that Joyce Talley is the designee and she administers the health service contract. This provision does not specify anything beyond what is stated and cannot be read to create a private duty to any individual nor does it provide any specific level of medical care.

At page 10, plaintiff contends that Stan Taylor relied on the National Commission on Correctional Health Care ["NCCHC"] certification as evidence of constitutional compliance, but that defendants have not produced any evidence that FCM was certified by the NCCHC. Plaintiff does appear to understand that only facilities are accredited, not organizations. Attached are the NCCHC 2003 letters of accreditation for the Webb Correctional Facility (dated June 30, 2003) and the Howard R. Young Correctional Institution (dated October 22, 2003) which are the only two facilities that decedent was assigned. It should be noted that both accreditation letters are copied to the owner of the medical provider at the time

---

[7] Which provides "[t]he Commissioner shall carry out and provide for: (13) Administering the medical/treatment services contract, or appointing a designee to administer the medical/treatment contract."

Dr. Tammy Kastre.

The 2003 NCCHC accreditation for the facilities in question provide the moving defendants with an additional objectively reasonable basis for believing the medical care provided to Louis Chance, Jr. was in compliance with the Eighth Amendment.

> Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. If a prisoner is under the care of medical experts…, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Spruill v. Gillis,* 372 F.3d 218, 236 (3d. Cir. 2004)

Plaintiff does not point to any evidence in the record that would evince that either moving defendant violated plaintiff's decedent's Eight Amendment rights. Implicitly, plaintiff concedes that Talley and Taylor are entitled to summary judgment by suggesting there may be some evidence of matters unrelated to this case in the State of Delaware's agreement to resolve a federal inquiry under CRIPA.

## CONCLUSION

For the above reasons and those in the Opening Brief, defendants Joyce Talley and Stan Taylor are entitled to summary judgment as there is no evidence that they interfered with the plaintiff's decedent's medical care.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. #2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Taylor and Talley

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 2, 2007, he caused the attached document to be served electronically on the following persons:

**NAME AND ADDRESS OF RECIPIENT(S):**

Kenneth W. Richmond, Esq.
Pro Hac Vice
kennyrichmond@comcast.net

Dana Spring Monzo, Esq.
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
dmonzo@mccmck.com

Jeffrey K. Bartels, Esquire
401 South Maryland Avenue
Wilmington, DE 19804
outlaw1@rcn.com

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. #2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Taylor and Talley