UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LOUIS W. CHANCE | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-449-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL LLC, DR. NIRANJANA SHAH, AND DR. JOSE ARAMBURO, | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**FCM DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

I.  **Argument**

   A.  **Plaintiff's Response Brief is Non-Responsive to the Issues Presented in the FCM Defendants' Motion for Summary Judgment. The FCM Defendants are entitled to Judgment as a Matter of Law.**

Plaintiff's responsive brief completely fails to address the issues presented in the FCM Defendants' Motion for Summary Judgment. In their motion, the FCM Defendants seek summary judgment as to the medical negligence claims against them on the grounds that the plaintiff has failed to satisfy the initial burdens of bringing a medical negligence suit in the State of Delaware and that the letter of Joe Goldenson, M.D., fails to satisfy the requirements of an expert report under both Delaware and Federal law.

   1.  **The FCM Defendants' Reply to Plaintiff's Nature and Stage of the Proceedings**

Plaintiff first attempts a response to the FCM defendants' Motion for Summary Judgment in its "Nature and Stage of the Proceedings", D.I. 68, p. 3, by raising the issue of the United States

Department of Justice Report. Plaintiff states that the report's findings are "related to the *unconstitutionality* of the medical care" and suggests that the defendants have purposefully withheld information and evidence to which the plaintiff was unaware and to which the plaintiff is entitled. *Id*., p. 4 (emphasis added).

As the Department of Justice Report issue has already been fully briefed by all parties in at least two different motions currently pending before this Court, the FCM Defendants will respond briefly to plaintiff's reassertions and respectfully direct the Court to the arguments contained in the defendants' briefs of the pending motions. In reply to plaintiff's allegations of evidence withholding, the plaintiff is well aware that the FCM Defendants are not in possession of any information or inside knowledge with respect to the Department of Justice Inquiry or Report. In reply to plaintiff's inferences that it was unaware of the Department of Justice Inquiry prior to the publication of the December 29, 2006 report, the FCM defendants submit that any information related to the United States Department of Justice Inquiry has been the subject of public knowledge as early as October of 2005. The FCM defendants will address the relevance of the contents of the Department of Justice report in reply to Plaintiff's Argument I.

**2.   The FCM Defendants' Reply to Plaintiff's Argument I**

Plaintiff's non-responsive arguments continue as plaintiff suggests that United States Department of Justice Report and the NCCHC audit are documents it requires to demonstrate constitutionally inadequate care or reckless indifference. In Argument I, plaintiff's primary premise in response to the FCM Defendants' Motion for Summary Judgment is that, "[t]he plaintiff's prophetic claim of systemic *violations of the Eighth Amendment and the reckless indifference to the violations* has, to some still unknown extent, been substantiated. . . ." D.I. 68, p.6 (emphasis added).

As this Court is aware, constitutionally inadequate care or reckless indifference are elements of an Eighth Amendment/42 U.S.C. §1983 claim and not elements of a State tort claim of medical negligence. Moreover, "medical malpractice does not become a *constitutional* violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (emphasis added).

Whatever the relevance and/or constitutional findings of the United States Department of Justice Report or the NCCHC audit may be, it has absolutely no bearing upon the FCM Defendants' Motion for Summary Judgment as the FCM Defendants' motion is based solely upon medical negligence and the failure to comply with State and Federal expert requirements. The alleged unconstitutional medical care purportedly found in the United States Department of Justice Report or NCCHC audit is not indicative of whether the FCM defendants were medically negligent in the treatment provided to the decedent. Furthermore, plaintiff does not suggest that the United States Department of Justice Report or NCCHC audit has an implication upon the plaintiff's decedent-specific medical negligence claims.

In further non-responsive support of its position against the FCM Defendants' Motion for Summary Judgment, plaintiff inappropriately relies upon F.R.C.P. 56(f). Plaintiff submits that it cannot supply this Court with an affidavit of facts essential to justify its opposition to the motion because it does not have access to the Department of Justice Report or NCCHC audit, and thus, the FCM Defendants' Motion for Summary Judgment is premature. However, plaintiff's inability to access the Department of Justice Report or NCCHC audit does not preclude plaintiff from addressing its failure to supply proper medical negligence expert reports in compliance with Delaware and Federal law in an affidavit. Furthermore, plaintiff has been in possession of the only potentially necessary affidavit documents, decedent's medical records, since the inception of this suit.

Plaintiff's response in Argument I simply does not address the arguments put forth by the FCM Defendants that plaintiff has failed to meet its burden in a medical negligence claim against them or that plaintiff's letter by Joe Goldenson, M.D., fails to satisfy State or Federal expert requirements.

### 3. The FCM Defendants' Reply to Plaintiff's Argument II

It is suggested by the plaintiff in its Argument II, that plaintiff has expert evidence from which a fact finder could reasonably conclude that the FCM Defendants were "recklessly indifferent to a substantial risk of death to plaintiff's decedent in a matter violative of the Amendment VIII proscriptions". Again, the plaintiff fails to address the proper standard for medical negligence and fixates upon the Eighth Amendment allegations which are not at issue. As the replies below will demonstrate, the plaintiff has not responded in kind to plaintiff's Motion for Summary Judgment and the FCM Defendants are entitled to judgment as a matter of law.

### A. First Correctional Medical

In its subsection A dedicated to "expert" claims against First Correctional Medical, plaintiff cites the June 13, 2005 letter of Joe Goldenson, M.D., as its "expert report". Plaintiff is utterly non-responsive as to the allegations of the FCM Defendants that the June 13, 2005 letter does not rise to the level of an expert report as proscribed by 18 Del. C. § 6853 (e) or F.R.C.P. 26 (a)2(B). Then, in what best can be described as an attempt to substantiate and bolster the June 13, 2005 Goldenson letter, plaintiff bootstraps deposition testimony of an alleged fact witness, Ramesh Vemulappali, M.D[1]., and proffers the deposition testimony as expert evidence of the allegations against the FCM

---

[1] In his deposition, Ramesh Vemulappali, M.D., testified that he had not reviewed the medical records of the decedent, that at no time had he ever treated the decedent, and that he had never met the decedent. Deposition of Ramesh Vemulappali, M.D., pp. 33-35. Relevant Portion

defendants.

The plaintiff cannot rely upon the testimony of a fact witness to bolster expert testimony. If the plaintiff desired Dr. Vemulappali's expert testimony, then pursuant to F.R.C.P. 26(a)2(B) they should have named him as an expert and produced an expert report. The FCM Defendants object to any use of the testimony of Dr. Vemulappalli in any capacity other than fact witness, as the plaintiffs have never identified Ramesh Vemulappalli, M.D., as an expert witness.

### B.     Defendant Aramburo

Plaintiff's subsection B, supposedly dedicated to expert claims against Defendant Aramburo makes no mention of any expert claims of medical negligence against Dr. Aramburo. In subsection B, Plaintiff recites a series of purported facts about Dr. Aramburo and his treatment of the decedent, but never cites expert medical testimony that a medical standard was breached by Dr. Aramburo. Plaintiff never cites expert medial testimony that Dr. Aramburo's breach was the proximate cause of injury to the decedent, or what, for that matter, the injury was to the decedent. Plaintiff cannot cite expert medical testimony on these critical medical negligence issues because the June 13, 2005 letter of Joe Goldenson, M.D., plaintiff's "expert" report, makes absolutely no mention of any of these assertions or of Dr. Aramburo.

### C.     Defendant Shah

Like Plaintiff's subsections A and B, subsection C is supposedly dedicated to expert claims against an FCM Defendant. In subsection C, plaintiff makes no mention of any expert claims of medical negligence against Dr. Shah. In subsection C, Plaintiff recites a series of purported facts about Dr. Shah and her treatment of the decedent, but never cites expert medical testimony that a

---

attached as Exhibit 1.

medical standard was breached by Dr. Shah.  Plaintiff never cites expert medial testimony that Dr. Shah's breach was the proximate cause of injury to the decedent, or what, for that matter, the injury was to the decedent.  Plaintiff cannot cite expert medical testimony on these critical medical negligence issues because the June 13, 2005 letter of Joe Goldenson, M.D., plaintiff's "expert" report, makes absolutely no mention of any of these assertions or of Dr. Shah.

In the conclusion of its subsection regarding its support for expert claims against Defendant Shah, plaintiff attempts a last ditch effort at the red herring issue of the Department of Justice findings.  Even in this pathetic attempt to divert attention from the severe lacking of evidence of medical negligence, plaintiff fails to even suggest that the Department of Justice Report would demonstrate expert evidence separate and distinct from that contained in decedent's medical records.

    **4.**    **The FCM Defendants' Reply to Plaintiff's 'The Delaware Medical Malpractice Act'**

After a lengthy citation of the legal precedent supporting the FCM Defendants' Motion for Summary Judgment, to which the FCM Defendants do not object, the plaintiff attempts to skirt the requirements of 18 *Del. C.* § 6853 (e) and F.R.C.P. 26 (a)2(B), by citing Federal Rule of Evidence 702.  To be certain, at this point in time, the FCM Defendants are not disputing Joe Goldenson, M.D.'s qualifications in the area of medicine.  The issue before this Court is whether plaintiff has met its initial burden to present a claim of medical negligence pursuant to 18 *Del. C.* § 6853 (e) and whether the June 13, 2005 Goldenson letter satisfies the expert report requirement pursuant to 18 *Del. C.* § 6853 (e) and/or F.R.C.P. 26 (a)2(B).

Plaintiff attempts to make excuses for the scant information contained in the June 13, 2005 letter by noting that specific doctors could only be identified after the production of plaintiff's report

due to illegibility of medical records. Plaintiff's assertions have no merit and are simply another attempt to divert the Court from the issues at hand. First and foremost, plaintiff does not explain its failure to update or correct the shortcomings of the June 13, 2005 Goldenson letter before the plaintiff's expert deadline - October 31, 2006. The docket reflects that Plaintiff filed suit[2] on June 29, 2005 - 16 days *after* the publication of the June 13, 2005 Goldenson letter plaintiff is attempting to set forth as its expert report. Plaintiff had from the filing of the complaint to the conclusion of plaintiff's expert discovery to revise its June 13, 2005 Goldenson letter. During discovery, Plaintiff had the opportunity to depose as many witnesses as it desired. Plaintiff deposed defendant Aramburo, defendant Shah, Sitta Gombeh-Alie, M.D., Ramesh Vemulappalli, M.D., and was given the opportunity to depose Tammy Kastre, M.D[3]. Plaintiff had the opportunity to have Joe Goldenson, M.D., revise his June 13, 2005 letter after more information was gleaned from discovery and various depositions - this was never done.

Plaintiff had no intention of supplementing the June 13, 2005 Goldenson letter[4] and now that plaintiff is faced with Summary Judgment, plaintiff makes the first indications to this Court and to

---

[2]Remarkably only 16 days after the publication of the Goldenson letter, despite the illegibility of decedent's medical records, plaintiff was able to glean Defendants Aramburo and Shah's names from the records and name them as defendants in this suit.

[3]Plaintiff decided to cancel the previously scheduled deposition of Tammy Kastre, M.D. This deposition was never rescheduled.

[4]In various conversations between the parties as well as plaintiff's answer to # 57 of the FCM Defendants' Interrogatories, counsel for the plaintiff has indicated that the June 13, 2005 letter and curriculum vitae constituted plaintiff's expert disclosures. At no time after the initial disclosures was this letter supplemented by any further report or information.

defendants that it did not have the proper information to make a showing of medical negligence[5].

Plaintiff's burden as to negligence must be borne through the records of medical care rendered the decedent. Plaintiff had that evidence prior to the commencement of this suit.

## II.     Conclusion

The FCM Defendants submit that (1) plaintiff has not met its burden in presenting a claim of medical negligence pursuant to 18 *Del. C.* § 6853 (e), (2) the June 13, 2005 Goldenson letter does not constitute an expert report because it does not meet the requirements of 18 *Del. C.* § 6853 (e), (3) the June 13, 2005 Goldenson letter does not constitute an expert report because it does not satisfy the requirements of F.R.C.P. 26(a)2(B), (4) plaintiff has failed to meaningfully respond to the allegations in the FCM Defendants' Motion for Summary Judgment and as a matter of law, the medical negligence claims against the FCM Defendants must be dismissed.


**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, Niranjana Shah, M.D. and Jose Aramburo, M.D.

Dated: April 5, 2007

---

[5] Plaintiff's previous motion for extension of the discovery period was focused exclusively upon plaintiff's ability to demonstrate Eighth Amendment violations.

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ESTATE OF LOUIS W. CHANCE** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs** | ) | C.A. No. 05-449-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL LLC, DR. NIRANJANA SHAH, AND DR. JOSE ARAMBURO,** | ) ) ) | **JURY OF 12 DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

### ORDER

And now this _____ day of _____, 2007 having considered *FCM Defendants' Motion for Summary Judgment* and any opposition thereto,

**IT IS HEREBY ORDERED** that *FCM Defendants' Motion for Summary Judgment* is **GRANTED** and the medical negligence claims against Niranjana Shah, M.D., and Jose Aramburo, M.D., are dismissed with prejudice.

                                                                                          _____

                                                                                          J.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LOUIS W. CHANCE | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-449-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL LLC, DR. NIRANJANA SHAH, AND DR. JOSE ARAMBURO, | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that, on this date, one copy of the attached *FCM Defendants' Reply Brief in Support of their Motion for Summary Judgment* was electronically served upon the following:

Jeffrey K. Bartels, Esquire.
401 South Maryland Avenue
Wilmington, DE 19804

Kenneth W. Richmond, Esq.
2019 Walnut Street
Philadelphia, PA  19103

Marc Niedzielski, Esquire
Department of Justice
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, Niranjana Shah, M.D. and Jose Aramburo, M.D.

Dated: April 5, 2007