IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., | : | |
| by Amanda Humphreys and Louis | : | |
| Chance, III, Personal Representatives, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-449-SLR |
| | : | |
| FIRST CORRECTIONAL MEDICAL | : | |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |

**STATE DEFENDANTS' MOTION IN LIMINE**

Defendants Stanley Taylor and Joyce Talley hereby move for an order excluding any evidence or argument based on the claims or complaints of other inmates' health care, preclude the offering of any damages related to wrongful death damages, and prohibit the testimony of Dr. Joe Goldenson.

**Introduction**

By way of background, the record in this case reveals that in April 2003, plaintiffs' decedent, Louis Chance, Jr., was committed to the custody of the Department of Correction by the Superior Court for New Castle County for the felony crime of driving under the influence of drugs or alcohol. The undisputed record reveals that plaintiffs' decedent was serving his sentence at the Webb Correctional Facility, when on September 9, 2003, he complained of a headache for which he was transferred to receive medical treatment at the infirmary within the Howard R. Young Correctional Institution ["HRYCI"]. On September 23,

2003, while at the infirmary at HRYCI the decedent was found non-responsive and sent by ambulance to St. Francis Hospital where he was subsequently pronounced dead. The postmortem examination revealed that decedent died as a result of a very rare fungal infection of the brain which was enabled by undiagnosed HIV/AIDS.

**(1)  Prohibit evidence of medical claims other than the present matter.**

Plaintiff should be prohibited from offering any evidence or argument involving health care complaints from other inmates. This includes any information from the recently completed U.S. Department of Justice inquiry ["CRIPA"] as well as the media accounts that appeared in the local newspapers in the fall of 2005. Aside from such information being inadmissible hearsay, such evidence or argument is plainly irrelevant to the present claims that decedent's Eighth Amendment rights were violated by deliberate indifference to his serious medical needs under F.R.E. 402. Even if such evidence were relevant, the prejudicial nature of permitting this evidence before a jury in the present matter would fatally compromise the fairness to the defendants Talley and Taylor as to whether they were deliberately indifferent to plaintiffs' decedent's serious medical needs. Additionally, allowing such irrelevant evidence would engender confusion and would extend the amount of time required to try the matter and would be a waste of time. F.R.E. 403.

**(2)  Exclude any evidence related to wrongful death damages.**

While the claims against the defendants Talley and Taylor are federal

claims under 42 U.S.C. § 1983, state law controls the nature, extent and beneficiaries of claims that inure from a person who dies. 42 U.S.C. § 1988; *Robertson v. Wegmann*, 436 U.S. 584 (1978). In the present matter, no wrongful death action was commenced pursuant to 10 Del.C. 3721[1], et seq. instead only a survival claim by the Estate was filed. (Amended Complaint, ¶ 2; D.I. 3) Under Delaware law, the Estate has a claim for the decedent's pain and suffering from time of onset on September 9 up to the time of his death September 23, 2003. *Magee v. Rose*, 405 A.2d 143 (Del. Super. 1979); *Frantz v. United* States, 791 F.Supp. 445 (D.Del. 1992); *Sterner v. Wesley College, Inc.,* 747 F.Supp. 263

---

[1] 10 *Del.C*. §3724 provides that:

(d) In fixing the amount of damages to be awarded under this subchapter, the court or jury shall consider all the facts and circumstances and from them fix the award at such sum as will fairly compensate for the injury resulting from the death. In determining the amount of the award the court or jury may consider the following:

   (1) Deprivation of the expectation of pecuniary benefits to the beneficiary or beneficiaries that would have resulted from the continued life of the deceased;
   (2) Loss of contributions for support;
   (3) Loss of parental, marital and household services, including the reasonable cost of providing for the care of minor children;
   (4) Reasonable funeral expenses not to exceed $7,000, or the amount designated in Section 5546(a) of Title 29, whichever is greater;
   (5) Mental anguish resulting from such death to the surviving spouse and next-of-kin of such deceased person. However, when mental anguish is claimed as a measure of damages under this subchapter, such claim for mental anguish will be applicable only to the surviving spouse, children and persons to whom the deceased stood in loco parentis at the time of the injury which caused the death of the deceased, parents and persons standing in loco parentis to the deceased at the time of the injury which caused the death of the deceased (if there is no surviving spouse, children or persons to whom the deceased stood in loco parentis), and siblings (if there is no surviving spouse, children, persons to whom the deceased stood in loco parentis at the time of the injury, parents or persons standing in loco parentis to the deceased at the time of the injury which caused the death of the deceased).

(D.Del. 1990). However, the Estate may not lawfully recover for any economic losses regarding the death of decedent. *Id.* It is anticipated that plaintiff will offer an economic report that purportedly evinces decedent's lost lifetime earnings which are a portion of the damages recoverable under Delaware law under wrongful death only. (see fn 1, infra; 10 Del.C. § 3724(d)(1)) For the above reasons, that claim is not legally recoverable in a survival action and such evidence and any other evidence as to wrongful death damages should be excluded.

**(3)** **Exclude the testimony of Joe Goldenson, M.D.**

Early in the litigation of this case, plaintiff provided a 'report' and c.v. of one Joe Goldenson, M.D. The 'report' is attached and is a single paragraph letter addressed to plaintiffs' *pro hoc vice* counsel. The document indicates that Dr. Goldenson has reviewed some documents and concludes that:

> "the actions and inactions of the First Correctional Medical staff fall well below the accepted standard of care in correctional facilities. Their failures to appropriately diagnose and treat Mr. Chance's cryptococcal meningitis lead to his death and constitute gross negligence and deliberate indifference to a serious medical need."
> *June 13, 2005 Letter to Mr. Kenneth Richmond, Esquire*

It is clear that Dr. Goldenson's opinion does not include Joyce Talley's or Stan Taylor's actions and therefore any opinion of plaintiffs' expert may not be received against moving defendants. To the extent, Dr. Goldenson's opinion was intended against moving defendants it is insufficient under Fed.R.Civ.P.

- 5 -

26(a)(2)(B), and should be excluded on that basis as well. (Please refer to FCM's Motion for Summary Judgment p. 8-9; D.I. 64)

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street
6th Floor
Wilmington, DE 19801
(302) 577-8324
Attorney for Talley and Taylor

DATED: June 14, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., : <br> by Amanda Humphreys and Louis <br> Chance, III, Personal Representatives, : <br>   : <br> Plaintiff, : <br>   : <br> v.   : <br>   : <br> FIRST CORRECTIONAL MEDICAL : <br> INC., et al., <br>   : <br> Defendants. : | C.A. No. 05-449-SLR |

**O R D E R**

WHEREAS, defendants Stanley Taylor and Joyce Talley have moved to limit or exclude certain evidence or argument; and, WHEREAS, the Court has reviewed the papers filed in connection with the matter and/or has heard from counsel.

**IT IS SO ORDERED this       day of         , 2007**

That the moving defendants' motion is GRANTED and the following evidence is excluded from being offered at trial or be suggested in argument:

_____

_____

_____
Chief Judge of U.S. District Court

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 14, 2007, he caused the attached document to be served on the following persons via electronic mail:

**NAME AND ADDRESS OF RECIPIENT(S):**

Kenneth W. Richmond, Esq.
Pro Hac Vice
kennyrichmond@comcast.net

Daniel McKenty, Esq.
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
dmckenty@mccmck.com

Jeffrey K. Bartels, Esquire
401 South Maryland Avenue
Wilmington, DE 19804
outlaw1@rcn.com

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. #2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Taylor and Talley