IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER STANLEY TAYLOR ) <br> and JOYCE TALLEY, ) <br> ) <br> Defendants.¹ ) | Civ. No. 05-449-SLR |

**ORDER**

At Wilmington this 15th day of June, 2007, having reviewed various motions pending in the above captioned litigation;

IT IS ORDERED that:

1. Plaintiff's motions to compel (D.I. 48, 58) are denied to the following extent, as the document request (all documents produced by the State of Delaware in response to the U.S. Department of Justice investigation of the medical care provided to State inmates) is over-broad and includes within its scope documents that are not relevant to the claims asserted against the remaining defendants (¶¶ 26-29 of plaintiff's amended complaint). Defendants assert that they have produced all such relevant documents, to wit, all of decedent's medical records; documents from the 2003 Medical Review Committee meetings that relate to Webb and HRYCI; the grievance reports for

---

¹Pursuant to a stipulation filed with the court on June 13, 2007 (D.I. 74), plaintiff has dismissed with prejudice its claims against defendants First Correctional Medical, Inc., Dr. Niranjana Shah and Dr. Jose A. Aramburo, Jr.

Webb and HRYCI; budget documents for multiple years; the Request for Proposals and bid responses for the Health Services contract (May 2002); the bid rating and contract documents; accreditation documents from NCCHC; and a list of the medical vendor employees for Webb and HRYCI for 2003. (D.I. 62 at 14-15)

2. Because plaintiff's primary contention against defendant Taylor is that the "cost containment practices and policies of" the defendants resulted in inadequate medical care for State inmates, and to the extent they have not yet been produced, defendants shall produce all documents (not otherwise identified as privileged) that relate to the cost of, and allocation of resources for, medical care in Department of Correction facilities, as well as any document (not otherwise identified as privileged) that mentions the decedent.

3. Plaintiff's claim against defendant Talley relates to her duties as Chief of Management Services and the provision of adequate medical care for State inmates. To the extent that they have not yet been produced, defendants shall produce all documents (not otherwise identified as privileged) that relate to defendant Talley's duties in general, and her knowledge in particular of the quality of medical care provided at Webb and HRYCI during the year 2003 (documents like the grievances and MRC minutes that apparently have already been produced).

4. Finally, although all parties refer to decedent's medical records in connection with their summary judgment papers, no party actually filed a copy of such records with the court; therefore, the court has been unable to complete its review of the pending dispositive motion.

THEREFORE, IT IS FURTHER ORDERED that:

1. On or before **June 29, 2007,** defendants shall supplement their production, consistent with the above discussion. If no further documents are produced, defendants shall file an affidavit demonstrating that they conducted an appropriate document search and no additional responsive documents were found.

2. On or before **June 29, 2007,** plaintiff shall file with the court, under seal, a copy of decedent's medical records.

3. The parties may supplement their summary judgment papers on or before **July 16, 2007.**

4. The pretrial and trial of the above captioned litigation is postponed to a date to be determined by the court after the summary judgment motion has been resolved.[2]

                                                    _____
                                                    United States District Judge

---

[2]Plaintiff's motion for an extension of the deadlines (D.I. 45), therefore, is granted to the extent provided above.