IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ESTATE OF LOUIS W. CHANCE, JR., :
by Amanda Humphreys and Louis :
Chance, III, Personal Representatives, :
:
Plaintiff, :
:
v. : C.A. No. 05-449-SLR
:
FIRST CORRECTIONAL MEDICAL :
INC., et al., :
:
Defendants. :

## STANLEY W. TAYLOR'S DECLARATION

I, Stanley W. Taylor, Jr., do declare the following to be true and correct to the best of my information and belief pursuant to 28 U.S.C. § 1746 under the penalty of perjury:

1. I started employment with the State of Delaware, Delaware Department of Correction in the year 1976. Since the Fall of 1995, I served as the Commissioner which is the administrative head of the Department. I retired from State service in February 2007.

2. In response to paragraph 2 the Court's Order of June 15, 2007, I can state that there was never a program to deny or delay any health care to an inmate based on the cost of the healthcare. Throughout my tenure as Commissioner, the Department sought to provide inmates with healthcare that was within standards of the National Commission on Correctional Healthcare ["NCCHC"]. I am aware that both Webb and HRYCI were re-accredited in 2003. The Department would seek

to increase the amount and quality of healthcare services provided to inmates within the State budget through the RFP process and by suggestions of the medical vendor.

3. To the best of my information, all the Department documents for the years 2002, 2003 and 2004 that "relate to the cost of, and allocation of resources for, medical care in the Department facilities..." are found in the budget documents for those years (converted into fiscal years), Request for Proposals, bids and rating documents that have already been offered in discovery. (Defendant Talley's and Taylor's Response to Plaintiff's 1st Request for Production) The Department of Correction is an arm of the State and all operating (which includes the heath services contract) and capital funds must be appropriated or approved by the General Assembly. I described that process in my deposition of November 28, 2006 at pages 24-34.

4. Until the commencement of this lawsuit, I had no knowledge of plaintiff's decedent Louis W. Chance, Jr. and I not participate in any decision regarding him or his health care nor was any participation requested on my part. I do not possess any medical training.

_____
Stanley W. Taylor, Jr.