# IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF DELAWARE

ESTATE OF LOUIS  W. CHANCE JR.

                Plaintiff

          v.

FIRST CORRECTIONAL MEDICAL
INC., DR. NIRANJANA SHAH, DR
JOSE A. ARAMBURO, JR.,
COMMISSIONER STANLEY TAYLOR
and JOYCE TALLEY

                Defendants

C.A No: 05-449-SLR

## PLAINTIFF'S RESPONSE TO DEFENDANTS' TAYLOR AND TALLEY'S MOTION IN LIMINE

AND NOW, comes the Plaintiff, Estate of Louis Chance, Jr., to respond to the Motion in Limine filed on behalf of Defendants Taylor and Talley.

## INTRODUCTION

### 1.  Preclusion of Wrongful Death/ Mental Anguish of Survivors

The Plaintiff Estate will not introduce any evidence against moving defendants related to Del. Code Ann. tit. 10, sec. 3724, including the report of the Actuary, or mental anguish for decedent's surviving child in spite of having requested damages for lost earnings at paragraph 33 of the Amended Complaint. However at paragraph 2, the Amended Complaint seeks recovery on behalf of the estate  under Del. Code Ann. tit. 10, sec. 37004 (b) [sic], and Del. Code Ann. tit. 10, sec. 3701.  Del. Code.   Title 10, sec. 3704 (as it should have read) is a

Survival Statute.  By reason of this section, an administrator has the same cause of action the deceased had prior to decedent's death and in such an action, damages may be recovered for pain and suffering, medical expenses, and loss of earnings from the time of injury to the time of death.  This is not disputed.

Punitive damages are available under the survival action statutes for the pain and suffering incurred by the deceased prior to death, and such damages could be awarded against defendants where the evidence was sufficient to find a reckless indifference to the risk their actions posed; however, such damages would not be awarded against a defendant who had taken necessary and reasonable precautions against the injury suffered by the deceased.  **Reynolds v. Willis**, 58 Del. 368, 209 A.2d 760 (1965); **Sterner v. Wesley College, Inc.,** 747 F. Supp. 263 (D. Del. 1990).

## 2.  PRECLUSION OF EVIDENCE ESTABLISHING POLICY DEFENDANTS TAYLOR AND TALLEY.

These Defendants seek to preclude evidence arising from the so called "CRIPA" investigation of the United States Justice Department while its production is currently the subject of the Plaintiff's motion to Reconsider (**Document No. 78**) based upon newly discovered evidence relating to the policy and practices of the Defendants as alleged in  the Plaintiff's Amended Complaint, ie.

> 27.     It is believed and therefore averred that the
>
> general cost containment practices of FCM and
>
> Defendant Taylor caused inadequate medical staffing,
>
> inadequate training, and reliance upon the judgment of
>
> persons other than qualified physicians, and
>
> psychiatrists to make medical decisions, refusal to

provide required transport to needed off site medical

facilities for decedent Chance all of which resulted in a

policy of deliberate denial of access to the medical

care decedent clearly required.

29.     In addition to the foregoing, the specific failure

to provide access to required diagnostic care in the

case of the decedent resulted from a contractual

agreement between Defendant Taylor and FCM and

the failure to insure efficient and effective medical

care under the contract created a policy of deliberate

indifference to the decedent's medical plight in

violation of the proscriptions contained in the United

States Constitution, amend. VIII.

31. As a direct and proximate result of the

actions and inactions of each of the defendants,

jointly and severally as described above, the

decedent was deprived of protections afforded under

the United States Constitution, amend. VIII to be free

of cruel and unusual punishment.

It is believed that the "CRIPA" investigation contains extensive support for

the Plaintiff's allegations.  The denial of transport, and delivery of inmates for

required medical care was specifically referred to in correspondence by First Correctional Medical to Defendant Taylor. He responded to the legal representatives for FCM with an indication that the contract he had with "FCM" did not require his cooperation for the delivery of inmates. (Exhibit "A" Document No. 78, Motion for Reconsideration). At issue is the quantum of notice and the availability of information to these Defendants suggesting deliberate indifference to the fact that the Constitutionally mandated level of care was not being delivered by the providers.

### 3. Preclusion of the Report of Dr. Joe Goldenson:

The medical Report of Dr. Joseph Goldenson concludes that the medical care rendered to the decedent was unconstitutional. That is an essential element of the Plaintiff's claim. The other element requires proof of the Defendants' deliberate indifference to the existence of the poor medical care.

The Plaintiff has requested reconsideration of the Plaintiff's request for an Extension of the original Scheduling Order arising from the late announcement of an extensive body of withheld information directly relating to the constitutional level of medical care. The motion was immediately filed because the evidence contained the reports and opinions of independent medical reviewers who were obviously given broad access to material which the Plaintiff feels entitled to have considered by his expert on the constitutionality of the medical care system wide.

## <u>CONCLUSION</u>

The Plaintiff has no issue with the preclusion of evidence in support of damages under Del. Code Ann. 10 sec. 3724.  However, extensive evidence may be available to support the claims of the Plaintiff's complaint at paragraphs 27, 29 and 31 based upon the recent discovery of the correspondence exchanged between Defendant Taylor and Defendant First Correctional Medical.  This evidence relates directly to notice the moving Defendants had of general unconstitutional deficiencies in the medical care.  The unconstitutionality of the medical care in the specific case of the Plaintiff's decedent is a necessary element of the Plaintiff's proof and cannot be excluded.  These Defendants have offered no countervailing expert opinion.

Respectfully submitted

/s/_____
Jeffrey K. Bartels, Esq.,
Kenneth W. Richmond, Esq. *pro hac*
401 South Maryland Avenue
Wilmington, DE  19804

# IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF DELAWARE

ESTATE OF LOUIS  W. CHANCE JR.

                      Plaintiff

          v.

FIRST CORRECTIONAL MEDICAL
INC., DR. NIRANJANA SHAH, DR
JOSE A. ARAMBURO, JR.,
COMMISSIONER STANLEY TAYLOR
and JOYCE TALLEY

                    Defendants

C.A No: 05-449-SLR

## O R D E R

    AND NOW,  this_____day of_____, 2007, having considered the Motion in Limine of the Defendants Taylor and Talley and the Plaintiff's stipulation and response thereto, it is

    **ORDERED**, that the moving Defendants' Motion is DENIED as to evidence of the unconstitutionality of the medical care rendered to the Plaintiff's decedent as described by Dr. Joseph Goldenson.  Secondly, the Motion of the Defendants as to other inmate medical claims, reports, conclusions or evidence arising in the context of the so called "CRIPA" investigation is DENIED as premature.

                BY THE COURT,

                _____
                                  J.

# CERTIFICATE OF SERVICE

The undersigned herby certifies that on June 29, 2007, the foregoing Response to the Defendant Taylor and Talley's Motion in Limine has been delivered by electronic mail to :

Marc P. Neidzielski, Esq.
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th., Fl.
Wilmington, DE  19801


/s/_____
Jeffrey K. Bartels, Esq.
Kenneth W. Richmond, Esq. *pro hac*
401 S. Maryland Avenue
Wilmington, DE  19804