IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., by Amanda Humphreys and Louis Chance, III, Personal Representatives,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER STANLEY TAYLOR, and BUREAU CHIEF JOYCE TALLEY,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  C.A. No. 05-449-SLR<br>:<br>:<br>:<br>:<br>:<br>: |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Remaining defendants[1] Stanley Taylor and Joyce Talley [hereafter "defendants"] hereby respond under Local Rule 7.1.5. to plaintiff's motion for reconsideration. Defendants oppose plaintiff's application for the reasons that follow:

**Introduction:**

On January 25, 2006, the Court entered the present scheduling order that had been proposed by the parties. That scheduling order limited each party to two Rule 37 discovery motions. (D.I. 24, ¶ 2(h))

On January 18, 2007, plaintiff filed a motion to extend the time to complete discovery and a motion to compel discovery under Rule 37 regarding an NCCHC

---

[1] On June 15, 2007, the Court entered an order dismissing defendants First Correctional Medical, Inc., Dr. Niranjana Shah and Dr. Jose A. Aramburo, Jr. based on a stipulation of partial dismissal between plaintiff and those settling defendants. (D.I. 74)

audit conducted in 2005. That matter was briefed by all parties.

On January 24, 2007, defendants produced and gave access to the parties to thousands of pages of requested documents. (D.I.50) On February 5, 2007, defendants responded to plaintiff's 2nd Request for Documents. (D.I. 54)

On February 15, 2007, plaintiff filed their 2nd motion and last allotted motion under Rule 37 to compel discovery. In their 2nd motion, plaintiff sought all the documents that the State of Delaware produced to the U.S. Department of Justice pursuant to 42 USC § 1997, et seq. (CRIPA)

On June 15, 2007, the Court entered an Order, granting in part denying in part, plaintiff's discovery dispute motions. (D.I. 76)

On June 19, 2007, plaintiff filed for reconsideration of the Court's decision of June 15, 2007.

1.   Plaintiff's motion is based solely on a document produced by defendants in an "unrelated Delaware Superior Court case of *Fossette v. Taylor, et al.,* C.A. No. 06C-07-042-WLW." (Plaintiff's Reconsideration, ¶ 1)   That document is a three-page letter dated May 10, 2005 from G. Todd Jackson, Esquire of Tucson, Arizona who was then representing First Correctional Medical – Delaware, LLC ["FCM"].   Mr. Jackson is attempting to justify termination of the contract between the State of Delaware and FCM and suggests that FCM's contract failure is due to someone else's fault. Specifically, FCM's lawyer is arguing that its failure to meet some of the NCCHC standards is due to lack of inmate access to sick call.   Sick call requires that security staff transport or

supervise the movement of inmates to the infirmary. If there are staff shortages, a large number of inmates, or other things that require more immediate attention, there may well be difficulties with getting inmates to sick call.

While the above could be factually related to the health care of an inmate, it has nothing to do with plaintiff's decedent in this case for a number of independent reasons. An inmate may miss sick call due to a number of reasons other than the security staff, i.e. inmates may refuse sick call, be at another location such as court or could have been released from custody. In the present matter, plaintiff's decedent Louis Chance, Jr. was in the infirmary, not in one of the housing pods waiting for sick call to be brought to the infirmary. Additionally, the attached FCM[2] medical report for the MRC meeting in October 2003, for HRYCI in September 2003 reveals that there were **no** missed sick calls. (Monthly Health Services Report bates stamped DOC 000503)  Plaintiff's contention is unrelated to and irrelevant to this matter.

2.  In the same numbered paragraph, plaintiff contends that defendants did not produce or refer to the May 10, 2005 letter of G. Todd Jackson, Esquire. It is true as plaintiff never requested such a document nor asked any such questions during his examination of the defendants at deposition. To the extent that plaintiff suggests a failure of candor in discovery, that is unwarranted and is belied by defendants' responses to discovery in the "unrelated Delaware Superior Court case of *Fossette v. Taylor, et al.,* C.A. No. 06C-07-042-WLW." In that 'unrelated'

---

[2] These documents were produced by defendants on January 24, 2007 (D.I. 50)

case, plaintiff posed the following interrogatory and defendants respond as follows:

> 147.  Identify all written documents whether on paper or in electronic medium which record the reasons FCM left as the health care provider in Delaware prisons in 2005 including all correspondence which dealt with FCM's leaving.
>
> ANSWER:  Objection, this interrogatory seeks information that is beyond the scope of Rule 26 and is not reasonably calculated to lead to the discovery of admissible evidence and this request seeks to invade attorney client or work product privilege. Without waiving these objections, responding defendants are producing five documents:  a May 10, 2005 letter addressed to Commissioner Stanley Taylor, a May 27, 2005 responding letter from Commissioner Stanley Taylor, a July 28, 2005 cover letter, and the mutual separation agreement dated July 13, 2005, between the State of Delaware and FCM.
> Plaintiff's request for identification of "all correspondence which dealt with FCM's leaving" is vague, ambiguous and a proper response cannot be propounded.

Plaintiff's attempts to suggest a failure on defendants' part in discovery should be admonished as this is not the first time or second time that such an unwarranted suggestion has been made.

3. In a correspondingly numbered paragraph, plaintiff cobbles together an argument that attempts to relate the May 10, 2005 letter from FCM's counsel to the present matter regarding the illness and unfortunate death of Louis Chance. Plaintiff's contended nexus of FCM's counsel's letter to the present matter is found in *pro hoc vice* counsel's deposition examination of the now settled defendant, Niranjana Shah, M.D.  Where counsel asks Dr. Shah why she ordered a brain scan of plaintiff's decedent for the next day, September 23, 2003, as opposed

to ordering the brain scan on an emergent basis, i.e., that same day of September 22, 2003?  Her answer does not in any way suggest that she was prevented from ordering the brain scan on an emergent basis.  As plaintiff points out, Dr. Shah consulted with the Medical Director Sitta Gombeh-Alie, M.D. regarding the finding of the optometrist of papilloedema (swelling of the optic nerve disc) in the rear of both eyes of Louis Chance on September 22, 2003, and the plan to have the brain scan performed on an urgent rather than emergent basis. (Tr. Sitta Gombeh-Alie, p. 37-38 [attached]; medical record[3] bates stamped 0069)  The brain scan was scheduled to be performed at St. Francis Hospital on September 23, 2003, but the decedent's sudden failing condition prevented that scan from being performed. (attached September 2003 MRC for Webb and HRYCI, MRC Outside Consultation Log for Gander Hill  DOC 000501)

When Chance was found nonresponsive the following morning at 7:30, he was transported by ambulance to St. Francis Hospital on an emergent basis. (Medical record, bates stamped 0071, 0053[in the urgency of consult section of the consultation request, the word "emergency" is circled])  The New Castle County EMS report (medical records 0140-0141) reveals that the 911 was called on September 23, 2003 at 7:35 a.m.; the paramedics arrived at HRYCI at 7:41; were attending the plaintiff's decedent at 7:47; and transported Chance to St. Francis Hospital at 7:58 a.m. (medical records at 0141)

---

[3] The medical records on decedent Louis W. Chance, Jr. were filed under seal on June 26, 2007.  (D.I. 80)

Clearly, Dr. Shah and Dr. Alie made a decision to have the brain scan performed on an urgent, not emergent basis, on September 22, 2003. There was no obstacle to transporting Louis Chance on an emergent basis on either day, if that is what the doctors had decided. (The 911 call-in center for emergency transport is available 24 hours a day for 365 days in the year) In fact, this issue is the only instance of questionable medical judgment in this case. The observation of papilloedema in the decedent may have called for a brain scan on an **emergent** basis, rather than an **urgent** basis on September 22, 2003. The sole question of proximate cause is would it have made any difference in the outcome, if decedent had been sent to the hospital a day earlier? There is no evidence on that point in the record. We know that the medical vendor and the named physicians have resolved their differences with plaintiff by settlement. This is a straightforward case of appropriate medical judgment and proximate cause, not deliberate indifference under the Eighth Amendment.

4. In the like numbered paragraph, plaintiff quotes from paragraph 8 of the amended complaint that alleges that the contract between the Delaware Department of Correction and FCM required the latter to minimize offsite transport of inmates due to the expense. The documents attached to plaintiff's motion from the "unrelated … case of *Fossette v. Taylor, et al.,* C.A. No. 06C-07-042-WLW" do not provide any support for the allegation in the amended complaint. Moreover, the health services contract (D.I. 81-4) the RFP, bid and budget documents do not support the allegation. In light of the allegation, it is

surprising that plaintiff has never even requested a copy of the health services contract.

    5.    Plaintiff's motion at this numbered paragraph, recounts the allegation in paragraph 28 of the amended complaint wherein it is alleged that "the general cost containment practices of FCM and Defendant Taylor … refusal to provide transport to needed off site medical facilities for decedent…" Again, the documents attached to plaintiff's motion from the "unrelated … case of *Fossette v. Taylor, et al.,* C.A. No. 06C-07-042-WLW" do not provide any support for the allegation in the amended complaint. There is not a hint of restrictions on emergency transport to the hospital. Moreover, the 2003 MRC records contain extensive information on the number of inmates transported from both Webb and HRYCI for medical care and the number of emergency transports. The undisputed record in this case demonstrates that Drs. Shah and Alie decided to order the brain scan for decedent on an urgent basis, not emergent basis, and there was no obstacle to calling 911 if they had decided to do that on September 22, 2003.

    6.    Plaintiff contends that the May 10, 2005 letter from FCM's lawyer, "directly addresses the conscious failure of Stanley Taylor…." Despite the literary flourishes, the May 10, 2005 letter complains of inmate access only, this is no support for plaintiff's allegations in its amended complaint in this case. Moreover for the reasons set out above in paragraph 1, even if the May 10, 2005 letter were evidence, it does not involve any issues in the present case. Additionally, the produced 2003 MRC records, specifically the monthly health services reports for

Webb and HRYCI do not state there were any problems with inmate access for health care. (It is believed that Mr. Jackson's May 10, 2005 letter contains a typographical error as the year that is being referenced. It should be the Fall of 2004, not the Fall of 2003)

7. It is agreed that plaintiff's decedent Louis W. Chance, Jr. was in the infirmary at the Howard R. Young Correctional Institution known as "Gander Hill" on September 22, 2003.

8. In the corresponding paragraph, plaintiff contends that "[n]one of the e-mail, or documentation attached to this motion has been produced…" As set out above the documents attached to plaintiff's motion are irrelevant to plaintiff's claims and were never requested. To the contention that the documents attached to plaintiff's motion "form a substantial part of the evidence submitted …United States Department of Justice." A review of the log of documents produced to the US DOJ, by defense counsel and staff, reveals that plaintiff's contention is mistaken.

**Legal Discussion:**

Plaintiff fails to articulate a legal basis for its motion for reconsideration. The case law of Local Rule 7.1.5 provides that a motion to reargue or reconsideration may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the issues presented to the court by the parties. *Brambles USA, Inc. v.*

*Blocker et. al.,* 735 F.Supp. 1239, 1241 (D.Del.1990). Motions for reconsideration should not be abused to allow a never ending polemic between litigants and the Court. *Oglesby v. Penn Mut. Life Ins. Co.,* 877 F.Supp. 872, 892 (D.Del.1995), *aff'd,* 127 F.3d 1096 (3d Cir.1997). Plaintiff has already been heard on its repeated efforts to expanded the scope of discovery beyond the allegation in its amended complaint and does not point to any legal or factual basis for reconsideration.

For the above reasons, plaintiff's motion for reconsideration should be denied.

Respectfully submitted,

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street
6th Floor
Wilmington, DE 19801
(302) 577-8324
Attorney for Talley and Taylor

DATED: July 3, 2007

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 3, 2007, he caused the attached document to be served on the following persons via electronic mail:

**NAME AND ADDRESS OF RECIPIENT(S):**

Kenneth W. Richmond, Esq.
Pro Hac Vice
kennyrichmond@comcast.net

Jeffrey K. Bartels, Esquire
401 South Maryland Avenue
Wilmington, DE 19804
outlaw1@rcn.com

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. #2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Taylor and Talley