**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., | : | |
| by Amanda Humphreys and Louis | : | |
| Chance, III, Personal Representatives, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-449-SLR |
| | : | |
| FIRST CORRECTIONAL MEDICAL | : | |
| INC., et al., | : | |
| Defendants. | : | |

**DEFENDANTS TALLEY'S AND TAYLOR'S SUPPLEMENTAL BRIEF**

**IN SUPPORT**

**OF THEIR MOTION FOR SUMMARY JUDGMENT**

                                                                STATE OF DELAWARE
                                                                DEPARTMENT OF JUSTICE

                                                               Marc P. Niedzielski (# 2616)
                                                               Deputy Attorney General
                                                               820 N. French Street, 6th Floor
                                                               Wilmington, DE  19801
                                                               (302)  577-8400

DATED: July 16, 2007

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................3

ARGUMENT .......................................................................................................4

    REMAINING DEFENDANTS TALLEY AND TAYLOR ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS THERE IS NO EVIDENCE THAT WOULD SUPPORT AN EIGHTH AMENDMENT MEDICAL CARE CLAIM AGAINST THEM...................4

    (a)    No practice or policy to deny medical care based on cost .................5

    (b)    The record is clear that Joyce Talley is entitled to judgment .............7

    (c)    The record only supports a claim of questionable medical judgment not an Eighth Amendment violation .........................................................................9

CONCLUSION .................................................................................................12

## TABLE OF AUTHORITIES

*Spruill v. Gillis,* 372 F.3d 218 (3d. Cir. 2004) .......................................................... 10

### Other Authorities

Eighth Amendment to the United States Constitution ........................................ 8, 10

Fed. R. Civ. P. 56(c) ................................................................................................. 5

## ARGUMENT

### REMAINING DEFENDANTS[1] TALLEY AND TAYLOR ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS THERE IS NO EVIDENCE THAT WOULD SUPPORT AN EIGHTH AMENDMENT MEDICAL CARE CLAIM AGAINST THEM.

In their Opening Brief, Talley and Taylor demonstrated that plaintiff's decedent received regular and constant medical care from September 8, 2003 until his transport to St. Francis Hospital on September 23, 2003. (Talley's and Taylor's Opening Brief, at 7-12, D.I. 66)  Plaintiff's answering document[2] does not contest or dispute the facts as to the nature of the continuing and regular medical care that was provided to decedent. (D.I. 67)

On June 15, 2007, the Court entered an Order that denied plaintiff's two motions to compel discovery and required the remaining defendants Talley and Taylor to produce, if not already produced or if privileged, "all documents that relate to the cost of, and allocation of resources for, medical care in the Department of Correction facilities, as well as any document … that mentions the decedent." (D.I. 76, ¶ 2)  The Order also stated that "defendants shall produce all documents [not already produced or if privileged] that relate to defendant Talley's duties in general, and her knowledge in particular of the quality of medical

---

[1] On June 15, 2007, the Court entered an order dismissing defendants First Correctional Medical, Inc., Dr. Niranjana Shah and Dr. Jose A. Aramburo, Jr. based on a stipulation of partial dismissal between plaintiff and those settling defendants. (D.I. 74)

[2] Plaintiff's responsive document was entitled "Plaintiff's Response Brief Contra Motion of Talley and Taylor for Summary Judgment."

provided at Webb and HRYCI during the year 2003." (D.I. 76, ¶ 3)  The Order also required plaintiff to file a copy of plaintiff's decedent's medical record. (D.I. 76, ¶ 4)

On June 26, 2007, defendants filed the decedent's medical records under seal with the Court. (D.I. 80)  On June 29, 2007, defendants' counsel filed a Notice of Service of documents in compliance with the Court's June 15, 2007 Order. (D.I. 81)  That included a declaration by Stan Taylor (D.I. 81-2) and declaration by Joyce Talley (D.I. 81-3) and two exhibits.  (D.I. 81-4 [Health Services Contract between First Correctional Medical-Delaware, LLC]; D.I. 81-5 [Medical Review Committee "MRC" September 2003 for HRYCI and Webb])

This is remaining defendants' supplemental brief in support of summary judgment.  Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

**(a)     No practice or policy to deny medical care based on cost.**

In paragraph No. 2 of the Court's June 15, 2007 Order, the Court refers to plaintiff's primary contention against Stan "Taylor is that the 'cost containment practices and policies of' defendants resulted in inadequate medical for state inmates." (D.I. 76)

The declarations of Talley and Taylor make it clear and unmistakable that the Department of Correction never had a policy or practice to deny medical care

based on its cost. (D.I. 81-2, Taylor Declaration ["In response to paragraph 2 the Court's Order of June 15, 2007, I can state that there was never a program to deny or delay any health care to an inmate based on the cost of the healthcare. Throughout my tenure as Commissioner, the Department sought to provide inmates with healthcare that was within standards of the National Commission on Correctional Healthcare ["NCCHC"]. I am aware that both Webb and HRYCI were re-accredited in 2003. The Department would seek to increase the amount and quality of healthcare services provided to inmates within the State budget through the RFP process and by suggestions of the medical vendor." ¶ 2]; D.I. 81-3, Talley Declaration, ¶ 4 ["The claim that the Department attempts to contain medical costs by delaying or denying health services for inmates is not true. The Department and the various vendors do look for ways of increasing the quality and quantity of medical services within the budget. For example, if a number of inmates need to see an outside specialist, the specialist would be brought into the facility to see the inmates. As another example, the Department recognized that it could save money by buying a number of dialysis machines and placing them in the institutions for the inmates that needed them rather than arranging for inmates to transport outside the facility for dialysis."]

      Those same declarations also make clear that all information "that relate[s] to the cost of, and allocation of resources for, medical care in Department of Correction facilities" is in the massive budget documents requested by plaintiff and made available for inspection and copying. Delaware law and its constitution

make the appropriation and allocation of taxpayer funds a public process that results in a budget law for each fiscal year. *Delaware Constitution, Art. VIII*.; 29 *Del.C.* chs. 61, 62, 63, 64, 64A and 74.  State law provides that funds may only be spent in accordance with the budget act. 29 *Del.C.* §§ 6505, 6506.   Plaintiff has had access to the budget documents, but has never identified a single page in support of its contention against either remaining defendant.

Neither Joyce Talley nor Stan Taylor can direct the budgetary process and defendant are entitled to summary judgment based on the "cost containment" theory.

**(b)  The record is clear that Joyce Talley is entitled to judgment.**

In paragraph No. 3 of the Court's June 15, 2007 Order, the Court refers to plaintiff's claim against Joyce Talley "relates to her duties as Chief of Management Services and the provision of adequate medical care for State inmates."  (D.I. 76)

While it is not the burden of defendant Talley to prove that she not liable, the record is undisputed that Joyce Talley was not responsible for the decedent's illness or death.  The Talley declaration makes it clear that she has no medical training, and, like all laypersons must rely on the skill and judgment of licensed healthcare providers.  Additionally, the declaration provides that she was never asked to or otherwise participant in any question regarding plaintiff's decedent. (D.I. 81-3, ¶ 6)

Joyce Talley's declaration makes it clear that the Medical Review

Committee ["MRC"] is intended to provide the Department with a general overall view of the medical vendor's compliance with the contract under the National Commission on Correctional Health Care's ["NCCHC"] standards. (D.I. 81-3, ¶¶ 2, 3 & 4)  The vendor provides a number of statistical reports for each month that incorporates some of the NCCHC standards.  By way of example, the MRC reports for September 2003 are attached as an exhibit to Talley's Declaration. (D.I. 81-5) The September 2003 report would have been reviewed by the MRC in the October 2003 meeting.  Additionally, the September 2003 report covers the relevant period for this case and in it appears the only to plaintiff's decedent at DOC 000501. (D.I. 81-5)  That reference is for outside consultation for the MRI that was to be performed on September 23, 2003.  Unfortunately, that consult was not performed as plaintiff's decedent was taken by ambulance to the ER instead.  However, that document bates stamped DOC 000501 does generally refute the argument that inmates were not be referred for consultations with specialist for economic reasons.  It reflects that 44 inmates had consultations arranged with various specialists and three inmates were sent out on an emergency basis.

      Grievances are not heard or decided at the MRC, instead the report section on grievances is intended to show that the Medical vendor is processing the medical grievances made by inmates. (see item bates stamped DOC 000507 in D.I. 81-5) The grievance policy requires that the medical vendor is to attempt to resolve such grievances as the first step.  If that first step is unsuccessful, then grievances work there way up to Bureau Chief of Prisons.   Plaintiff's decedent

did not file any medical grievances. Nevertheless, the MRC grievance report shows most of the grievances were resolved in a short period of time.

Joyce Talley is entitled to summary judgment regarding any claims based on her duties as Bureau Chief of Management Services.

### (c) The record only supports a claim of questionable medical judgment not an Eighth Amendment violation.

The record in this case points to only a single instance of questionable medical judgment that could have been casually related to decedent's death. This is found in Plaintiff's Motion for Reconsideration filed on June 19, 2007. (D.I. 78) On page 18 of that motion, in a portion of Dr. Shah's deposition, plaintiff's counsel asks Dr. Shah: why she ordered a brain scan of plaintiff's decedent for the next day, September 23, 2003, as opposed to ordering the brain scan on an emergent basis, i.e., that same day of September 22, 2003? Her answer does not in any way suggest that she was prevented from ordering the brain scan on an emergent basis. As plaintiff points out in page 2 of its Motion, Dr. Shah consulted with the Medical Director Sitta Gombeh-Alie, M.D. regarding the finding by the optometrist of papilloedema (swelling of the optic nerve disc) in the rear of both eyes of Louis Chance on September 22, 2003, and the plan to have the brain scan performed on an urgent rather than emergent basis. (D.I. 83-1, Tr. Sitta Gombeh-Alie, p. 37-38; medical record[3] bates stamped 0069) The brain scan was scheduled to be performed at St. Francis Hospital on September 23, 2003, but the

---

[3] The medical records on decedent Louis W. Chance, Jr. were filed under seal on June 26, 2007. (D.I. 80)

decedent's sudden failing condition prevented that scan from being performed. (D.I. 81-5; 83-2, September 2003 MRC for Webb and HRYCI, MRC Outside Consultation Log for Gander Hill DOC 000501)

When Chance was found nonresponsive the following morning at 7:30, he was transported by ambulance to St. Francis Hospital on an emergent basis. (Medical record, bates stamped 0071, 0053[in the urgency of consult section of the consultation request, the word "emergency" is circled])  The New Castle County EMS report (medical records 0140-0141) reveals that the 911 was called on September 23, 2003 at 7:35 a.m.; the paramedics arrived at HRYCI at 7:41; were attending the plaintiff's decedent at 7:47; and transported Chance to St. Francis Hospital at 7:58 a.m. (medical records at 0141)

Clearly, Dr. Shah and Dr. Alie made a decision to have the brain scan performed the next day on an urgent, not emergent basis.  There was no obstacle to transporting Louis Chance on an emergent basis on either day, if that is what the doctors had decided. (The 911 call-in center for emergency transport is available 24 hours a day for 365 days in the year)  The finding of papilloedema in the decedent may have called for a brain scan on an **emergent** basis, rather than an **urgent** basis on September 22, 2003.  There is no evidence in the record that plaintiff's decedent would have survived if decedent had been sent to the hospital a day earlier.  The record reveals that the medical vendor and the named physicians have settled with plaintiff.  This case in a view most favorable to plaintiff suggests possible medical malpractice with questionable proximate cause,

but not deliberate indifference under the Eighth Amendment.

Neither Joyce Talley nor Stan Taylor are medically trained nor had either had any interaction or information regarding plaintiff's decedent. There is nothing in the record that would support an Eighth Amendment claim against them in this case. To the contrary, they knew that both Webb and HRYCI had been reaccredited in 2003 by the NCCHC and that the medical vendor was reporting in the MRC reports that medical care was being provided to the inmates in accordance with the NCCHC standards.

> Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. If a prisoner is under the care of medical experts…, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Spruill v. Gillis,* 372 F.3d 218, 236 (3d. Cir. 2004)

In accordance with the above authority in this circuit, Joyce Talley and Stan Taylor are entitled to summary judgment in their favor.

## CONCLUSION

For the above reasons and those in the Opening and Reply Briefs, defendants Joyce Talley and Stan Taylor are entitled to summary judgment as there is no evidence that they interfered with the plaintiff's decedent's medical care or violated his Eighth Amendment rights.

    Respectfully submitted,

    STATE OF DELAWARE
    DEPARTMENT OF JUSTICE

    /s/ Marc P. Niedzielski
    Marc P. Niedzielski, I.D. #2616
    Deputy Attorney General
    Carvel State Office Building
    820 N. French Street, 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
    Attorney for Defendants Taylor and Talley

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 16, 2007, he caused the attached document to be served electronically on the following persons:

**NAME AND ADDRESS OF RECIPIENT(S):**

Kenneth W. Richmond, Esq.
Pro Hac Vice
kennyrichmond@comcast.net

Jeffrey K. Bartels, Esquire
401 South Maryland Avenue
Wilmington, DE 19804
outlaw1@rcn.com

 

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. #2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Taylor and Talley