## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE JR.<br><br>                    Plaintiff<br><br>         v.<br><br>FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR and JOYCE TALLEY<br><br>                    Defendants | C.A No: 05-449-SLR |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

FOR THE PLAINTIFS

Jeffrey K. Bartels, Esq.
401 South Maryland Avnue
Wilmington, DE  19804
Kenneth W. Richmond, *pro hac*
Attorneys for the Plaintiff

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................2

NATURE AND STAGE OF THE PROCEEDINGS...............................................3

SUMMARY OF THE ARGUMENT......................................................................4

    STATEMENT OF THE FACTS ....................................................................... 5

CONCLUSION………………………………………………………………….7

## ARGUMENT

The Court has jurisdiction to enforce a settlement agreement entered into by the parties in a case currently pending before it. To do so, the court must determine whether the settlement agreement at issue is an enforceable contract under Delaware law.

## TABLE OF AUTHORITIES

                                                                                                                     Page

**Kokkonan v. Guardian Life Insurance Company of America**,
511 U.S. 375, @ 380, 114 S. Ct. 1673, 128 L.Ed. 2d 391 (1994)………….   7

**Leonard v University of Delaware**, 204 F. Supp. 2d 784 (2002)

U.S. Dist. Del. LEXIS 9419……………………………………………….   6

**Liberate Technologies, LLC v. Wolrdgatecommunications, Inc.,**
133 F. Supp. 2d 357, 358 (D. Del. 2001)…………………………………….. .6

**The Intellisource Group, Inc. v. Williams,**
1999 U.S. Dist. LEXIS 12446,  (D. Del. Aug. 11, 1999)…………………….  6

## NATURE AND STAGE OF THE PROCEEDINGS

On June 29, 2005, this matter was commenced by filing a complaint under 42 USC § 1983 and state law claims for medical malpractice regarding plaintiff's decedent Louis W. Chance, Jr. At the same time, a motion for admission to appear *pro hac vice* was made on behalf of Kenneth W. Richmond, Esquire. (D.I. 1 -2)

On August 17, 2005, the *pro hac vice* motion for Mr. Richmond was granted.

On September 16, 2005, an amended complaint was filed that added defendants Stan Taylor and Joyce Talley. (D.I. 3)

On January 25, 2006, the Court entered the present scheduling order that had been proposed by the parties. (D.I. 24) Thereafter, the parties engaged in discovery.

On January 18, 2007, plaintiff filed a motion to extend the time to complete discovery (D.I. 45)and a motion to compel discovery (regarding an NCCHC audit conducted in 2005. (D.I. 48) .

On March 14, 2007, Defendants Shah, Aramburo and First Correctional Medical of Del.., LLC filed a Motion for Summary Judgment. (D.I. 64)

On March 15, 2007, Defendant's Taylor and Talley filed a Motion for Summary Judgment. (D.I. 65).

At present, the Motion for Summary Judgment filed by Taylor and Talley in the Chance matter is pending.

There has been no Order or Stipulation of Dismissal entered by the Court, thus leaving the Court with Jurisdiction over the parties.

## SUMMARY OF THE ARGUMENT

The Court has jurisdiction to enforce a settlement agreement entered into by the parties in a case currently pending before it. To do so, the court must determine whether the settlement agreement at issue is an enforceable contract under Delaware law.

Under Delaware law a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms. In other words, an enforceable contract exists if the parties have reached a definite agreement on all essential terms.

## STATEMENT OF THE FACTS

On May 4, 2007 While the various motions were pending, counsel for Defendants FCM, Shah and Aramburo, Dana Spring Monzo commenced settlement discussion with *pro hac* Plaintiff's Counsel, Kenneth W. Richmond.

The settlement discussions were memorialized in e-mail correspondence on May 11, 2007 without a conclusion.  Thereafter, through June 11, 2007, discussion continued between counsel Monzo and Richmond until Daniel McKenty, Esq., supervising partner for Dana Spring Monzo's firm, entered the discussion and represented that the Defendant FCM was about to go into  liquidation and that if  all of the outstanding matters could not be settled, it was unlikely that he and his firm would continue as counsel.  Following several conferences addressing the present case and the pending cases of **Estate of Cox v. FCM, et al.** 1:06 cv 279 and the **Estate of Trotman v. FCM, et al**.  1:07-cv-62, and

others, the Daniel McKenty proposed a $100,000.00 settlement for which the **Chance Estate** had given authority and a second settlement for $5,000.00 in the **Cox Estate** matter which required confirmation with additional family members.

On June 12, 2007, Defense Counsel, Dana Spring Monza confirmed the settlement and provided a copy of a Release for execution by the Estate of Chance representatives. The release, a copy of which is attached hereto as Exhibit "A" was promptly executed and on the morning of June 13, 2007, the Court was notified of partial settlement "of First Correctional Medical LLC, First Correctional Medical, Inc, Dr Niranjana Shah, and Dr. Jose Aramburo." (D.I. 74)

On June 15, 2007 a "remark" was entered upon the docket indicating that the Defendants referenced in (D.I. 74) remained active in the case as Defendants in the Cross Claims of Defendants Taylor and Talley.

On June 15, 2007, the Court entered an Order (D.I. 76) relating to the outstanding Plaintiff Motions for Extension, the Motion to Compel and the Rule 37 Motion.

On Saturday, June 16, 2007, Kenneth Richmond, who is also *pro hac* counsel in the Estate of Cox obtained permission from the Cox relatives to settle for the amount of $5,000.00 that had been offered on June 14, 2007 by Daniel McKenty.

On Monday, June 18, 2007, at 8:30 AM, a scheduling conference in the matter of the **Estate of Cox v. FCM, et al** was to take place when counsel for the Plaintiff, Kenneth Richmond communicated to the Court that the matter had been settled and a formal notice would be provided immediately upon confirmation with Daniel McKenty.

Between Monday, June 18, 2007 and the present date, Daniel McKenty has not

responded to e-mail, phone calls or facsimile transmission, nor advised undersigned counsel of any withdrawal or the dissolution of his law firm or the status of the settlement payments now overdue.

### DISCUSSION

It is well-settled that the court has jurisdiction to enforce a settlement agreement entered into by the parties in a case currently pending before it.  "It is well-settled that the court "has jurisdiction to enforce a settlement agreement entered into by the parties in a case currently pending before it." **Liberate Technologies, LLC v. Worldgatecommunications, Inc.,** 133 F. Supp. 2d 357, 358 (D. Del. 2001) To do so, the court must determine whether the settlement agreement at issue is an enforceable contract under state law.  **Leonard v University of Delaware**, 204 F. Supp. 2d 784 (2002) U.S. Dist. Del. LEXIS 9419.  "Under Delaware law, a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms."  **Liberate Technologies, LLC v. Wolrdgatecommunications, Inc.,** 133 F. Supp. 2d 357, 358 (D. Del. 2001).  In the present case, the release recites the terms of the agreement and is based upon the representations of defense counsel that the funds were available to satisfy the settlement terms and clearly implied that he had the consent of the defendants FCM, Shah and Aramburo to settle upon those terms.  There is no issue as to the existence of an agreement inasmuch as the release confirms it.

Although the Supreme Court has held that a District Court lacks jurisdiction to enforce a settlement See:  **Kokkonan v. Guardian Life Insurance Company of America**,

511 U.S. 375, @ 380, 114 S. Ct. 1673, 128 L.Ed. 2d 391 (1994), this is true only after the underlying action has been dismissed and the court has not specifically retained jurisdiction.

## **CONCLUSION**

Based upon the Exhibit "A" it is clear that the Defendants First Correctional Medical of Delaware, Shah and Aramburo entered into a settlement agreement requiring the payment of $ 100,000.00 to the Plaintiff Estate. It is an enforceable contract under Delaware law.

                                    ATTORNEYS FOR THE PLAINTIFF

                                    /s/_____

                                    Jeffrey K. Bartels, Esq.
                                    Kenneth W. Richmond, Esq. *pro hac*
                                    401 South Maryland Ave.
August 3, 2007                      Wilmington, DE. 19804

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE JR.<br><br>Plaintiff<br><br>v.<br><br>FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR JOSE A. ARAMBURO, JR., COMMISSIONER STANLEY TAYLOR and JOYCE TALLEY<br><br>Defendants | C.A No: 05-449-SLR |

**CERTIFICATE OF SERVICE**

I certify that, on this date, one copy of the attached Motion for Sanction and Motion to Compel was electronically mailed to:

Marc Niedzielsky
Department of Justice
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

Daniel L. McKenty,
Heckler & Fabrizzio
800 Delaware Avenue
Suite 800
Wilmington, DE 19899

/s/_____

Jeffrey K. Bartels, Esq.
Kenneth W. Richmond, Esq. *pro hac*
401 South Maryland Ave.
August 3, 2007          Wilmington, DE. 19804

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LOUIS W. CHANCE | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-449-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | JURY OF 12 DEMANDED |
| LLC, DR. NIRANJANA SHAH, AND | ) | |
| DR. JOSE ARAMBURO | ) | |
| Defendants. | ) | |

## RELEASE

FOR THE SOLE CONSIDERATION of One Hundred Thousand Dollars and 00/100 cents ($100,000.00), the receipt and sufficiency whereof is hereby acknowledged, the **ESTATE OF LOUIS W. CHANCE** (through its representatives, Amanda Humpreys and Louis W. Chance, III) hereby releases and forever discharges **FIRST CORRECTIONAL MEDICAL LLC/FIRST CORRECTIONAL MEDICAL INC., DR. NIRANJANA SHAH, DR. JOSE A. ARAMBURO, JR.,** their agents, insurers and assigns, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, from the beginning of the world to the day of the date of these presents, including all claims resulting from injuries, known and unknown, both to person and property, which have resulted or may in the future develop from the medical care provided to decedent Louis W. Chance or alleged violation(s) of any and all constitutional rights, included but not limited to all matters alleged against Releasees in *Estate of Louis W. Chance v. First Correctional Medical, Inc.,* C.A. 05-449-SLR.

This Release is executed in conformity with the provisions of 10 Del.C. §6301, *et seq.,* of the Uniform Contribution Among Tortfeasors Act, and shall be governed by Delaware law.

Accordingly, should it be determined that any person or entity not released herein is jointly or severally liable to the undersigned with the Releasees, in tort or otherwise, the claim against and damages recovered from such other person or entity shall be reduced by the greater of the following amounts:

    (a)    to the extent of the pro rata share of the parties released hereby of liability or responsibility, if any, for such damages, or;

    (b)    to the sum of $100,000.00.

The foregoing is intended to comply with 10 Del.C. §6304(b) so as to preclude any liability of the Released parties identified above to any other tortfeasor, if any, for contribution or otherwise; and any language of this Release inconsistent with such intent, or with the requirements of 10 Del.C. §6304(b) for the execution of such intent, shall be void and of no consequence; and in place thereof, it is agreed that it shall be considered that this document contains such other language, if any, as is necessary to make effectual the expressed intent of the parties aforesaid. No other persons, be they joint tortfeasors under 10 Del.C. §6301, *et seq.,* or otherwise, are in any way released herewith, other than aforesaid.

IN FURTHER CONSIDERATION, Releasors do hereby agree to indemnify and save harmless Releasees, and each of them, in the event that Releasors bring suit against any other alleged tortfeasor, and such other alleged tortfeasor joins Releasees, and any of them, as additional parties to such lawsuit.

The Undersigned hereby declares that the terms of this settlement have been completely accepted for the purpose of making a full and final compromise, adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and

for the express purpose of precluding forever any further or additional claims arising out of the aforesaid medical care.

The undersigned hereby accept draft or drafts as final payment of the consideration set forth above.

IN WITNESS WHEREOF, the Estate of Louis W. Chance (through its representatives, Amanda Humpreys and Louis W. Chance, III) has hereunto set its hands and seals this _____

day of _____, 2007.

_____     _____
                   Witness                                                              **AMANDA HUM**

_____     _____
                   Witness                                                              **LOUIS W. CHA**

ON THIS _____ day of _____, 2007, before me, the undersigned officer, personally appeared **Amanda Humphreys and Louis W. Chance III,** known to me or satisfactorily proven to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purpose therein contained.

_____

Notary Public