**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ESTATE OF LOUIS W. CHANCE, JR., : by Amanda Humphreys and Louis : Chance, III, Personal Representatives, : : Plaintiff, : : v. : : FIRST CORRECTIONAL MEDICAL : INC., DR. NIRANJANA SHAH, : DR. JOSE A. ARAMBURO, JR., : COMMISSIONER STANLEY : TAYLOR, and BUREAU CHIEF : JOYCE TALLEY, : : Defendants. : | C.A. No. 05-449-SLR |

**TAYLOR'S AND TALLEY'S STATEMENT OF UNDISPUTED FACTS**

The remaining defendants[1], Stanley Taylor and Joyce Talley, state the following undisputed facts in this matter in accordance with the Court's order dated February 13, 2008. (D.I. 88)

**Undisputed facts**

1. The plaintiff alleges an Eighth Amendment claim under 42 U.S.C. § 1983 regarding the medical care and treatment of Louis Chance, Jr., for the period September 8, 2003 until September 23, 2003. ( D.I. 3, Amended Complaint ¶¶ 11, 12, 31)

---

[1] On June 15, 2007, the Court entered an order dismissing defendants First Correctional Medical, Inc., Dr. Niranjana Shah and Dr. Jose A. Aramburo, Jr. based on a stipulation of partial dismissal between plaintiff and those settling defendants. (D.I. 74)

2. From September 8 until September 23, 2003, plaintiff's decedent received regular, constant care from Nurses, Physician Assistants and Physicians. (D.I. 66, Talley's and Taylor's Opening Brief in Support of Summary Judgment, p. 8-11; D.I. 80 sealed exhibit [medical records on decedent produced by plaintiff]; D.I. 67 Plaintiff's Answering Brief [defendants' statement of facts are not disputed by plaintiff]; D.I. 3, Amended Complaint, ¶¶ 11-24)

3. Plaintiff's decedent was transferred twice from the Webb Correctional Facility for substance abusers to the infirmary of the Howard R. Young Correctional Institution ["Gander Hill"] for medical supervision and treatment. *Id.*

4. On September 23, 2003, plaintiff's decedent was transported to St. Francis Hospital by ambulance by direction of medical personnel from the Gander Hill infirmary. *Id.*

5. The plaintiff's decedent Louis Chance, Jr., died at St. Francis Hospital on September 23, 2003. *Id.*

6. The postmortem examination by Deputy Chief Medical Examiner Adrienne Perlman, M.D., revealed that decedent died from a very rare fungal infection of the brain which was enabled by undiagnosed HIV/AIDS. The death certificate classified the death as natural. *Id.*

7. The sole factual dispute identified by plaintiff regarding decedent's medical care is whether former defendant Dr. Shah and FCM Medical Director Sitta Gombeh-Alie, M.D. should have ordered an MRI on an emergent basis for

September 22, 2003, instead of on an urgent basis for the next day. (D.I. 3, Amended Complaint ¶¶ 24, 25; D.I. 78, Plaintiff's Motion for Reconsideration, p. 18)

8.     Neither of the remaining defendants Joyce Talley or Stan Taylor had any participation in the medical care of plaintiff's decedent nor were they aware of his circumstances.   (D.I. 81-3, Talley Declaration, ¶ 6; D.I. 81-2, Taylor Declaration, ¶ 4)

9.     There is no policy by the Department of Correction to delay or deny medical care to inmates based on cost. (D.I. 81-2, Taylor Declaration, ¶ 2 ["In response to paragraph 2 the Court's Order of June 15, 2007, I can state that there was never a program to deny or delay any health care to an inmate based on the cost of the healthcare."]; D.I. 81-3, Talley Declaration, ¶ 4 ["The claim that the Department attempts to contain medical costs by delaying or denying health services for inmates is not true."]

10.     The healthcare facilities at both the Webb and Gander Hill locations were reaccredited in 2003. (D.I. 71-2 [Webb letter of Accreditation]; 71-3 [HRYCI Letter of Accreditation])

### Legal issues

11.     There is no evidence that Joyce Talley or Stan Taylor participated in any conduct that would be traceable to plaintiff's claimed injury. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)

12. Additionally, there cannot be an Eighth Amendment claim against a correctional official regarding the medical care of an inmate where that inmate is under the care of licensed healthcare professionals. *Spruill v. Gillis,* 372 F.3d 218, 236 (3d. Cir. 2004), which provides:

> Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. If a prisoner is under the care of medical experts…, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.

13. The remaining defendants are entitled to summary judgment. (D.I. 65, Motion for Summary Judgment by Taylor and Talley; D.I. 66, Opening Brief in Support of Summary Judgment; D.I. 67, Answering Brief in Opposition; D.I. 71, Reply Brief in Support; and, D.I. 84, Talley's and Taylor's Supplemental Brief)

                Respectfully submitted,

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/ Marc P. Niedzielski
                Marc P. Niedzielski, I.D. #2616
                Deputy Attorney General
                Carvel State Office Building
                820 N. French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400
                Attorney for Defendants Taylor and Talley

DATED: February 29, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 29, 2008, he caused the attached document to be served electronically on the following persons:

**NAME AND ADDRESS OF RECIPIENT(S):**

Kenneth W. Richmond, Esq.
Pro Hac Vice
kennyrichmond@comcast.net

Jeffrey K. Bartels, Esquire
401 South Maryland Avenue
Wilmington, DE 19804
outlaw1@rcn.com

                                STATE OF DELAWARE
                                DEPARTMENT OF JUSTICE

                                /s/ Marc P. Niedzielski
                                Marc P. Niedzielski, I.D. #2616
                                Deputy Attorney General
                                Carvel State Office Building
                                820 N. French Street, 6th Floor
                                Wilmington, DE 19801
                                (302) 577-8400
                                Attorney for Defendants Taylor and Talley